Fill in this information to identify the case:

United States Bankruptcy Court for the:

__Western__ District of __North Carolina__
(State)

Case number (if known) _____ Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**   Kaiser Gypsum Company, Inc.

**2. All other names debtor used in the last 8 years**   None.

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**   9 4 – 1 2 3 0 1 8 8

**4. Debtor's address**

Principal place of business

300   E. John Carpenter Freeway
Number   Street

Irving   TX   75062
City   State   ZIP Code

Dallas
County

Mailing address, if different from principal place of business

Number   Street

P.O. Box

City   State   ZIP Code

Location of principal assets, if different from principal place of business

Number   Street

City   State   ZIP Code

**5. Debtor's website (URL)**   None.

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

| Debtor | Kaiser Gypsum Company, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3 2 7 5  This is the Debtor's 4-digit SIC code.  The Debtor's 6-digit NAICS code is 327420.

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY

District _____ When _____ Case number _____
                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes. Debtor  See attached Schedule 1      Relationship  Affiliate

District  Western District of North Carolina   When  Date Hereof
                                                      MM / DD / YYYY

Case number, if known _____

| Debtor | Kaiser Gypsum Company, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
                        Number        Street

_____

_____
City                                  State      ZIP Code

Is the property insured?

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
■ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
■ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Debtor | Kaiser Gypsum Company, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ■ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/30/2016
MM  / DD / YYYY

**X** _____     Charles E. McChesney, II
Signature of authorized representative of debtor          Printed name

Title  Vice President and Secretary

**18. Signature of attorney**

**X** /s/ John R. Miller, Jr.          Date  09/30/2016
Signature of attorney for debtor                    MM  / DD / YYYY

John R. Miller, Jr.
Printed name
Rayburn Cooper & Durham, P.A.
Firm name
227        West Trade Street, Suite 1200
Number    Street
Charlotte                          NC        28202
City                              State     ZIP Code

(704) 334-0891                     jmiller@rcdlaw.net
Contact phone                      Email address

28689                              NC
Bar number                         State

---

## SCHEDULE 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (together, the "Debtors"), filed a petition in this Court for relief under chapter 11 of the Bankruptcy Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

Kaiser Gypsum Company, Inc.
Hanson Permanente Cement, Inc.

**WRITTEN CONSENT**

**IN LIEU OF A MEETING OF THE BOARD OF DIRECTORS OF**

**KAISER GYPSUM COMPANY, INC.**

**September 30, 2016**

Pursuant to the provisions of Section 55-8-21 of the North Carolina Business Corporation Act, the undersigned, being all of the members of the Board of Directors (the "Board") of Kaiser Gypsum Company, Inc., a North Carolina corporation (the "Corporation") do hereby waive notice of a meeting of the Board and consent to, authorize and approve the following resolutions with the same force and effect as if adopted by a unanimous vote at a duly called meeting of the Board:

"RESOLVED, that the Corporation, shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of North Carolina or such other court as the appropriate officer or officers of the Corporation shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

"FURTHER RESOLVED, that the president, secretary, treasurer, any vice president and any assistant secretary of the Corporation (collectively, the "Designated Officers") shall be, and each of them, acting alone, hereby is, authorized, directed and empowered on behalf of, and in the name of, the Corporation, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Designated Officer); (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents (including debtor in possession loan agreements) necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Corporation's chapter 11 case in such form or forms as any such Designated Officer may approve; and (d) cause any of the Corporation's direct subsidiaries to take any action

consistent with these resolutions, including the filing of petitions for relief under chapter 11, the retention of professionals and the incurrence of debt by such subsidiaries;

"FURTHER RESOLVED, that the Designated Officers shall be, and each of them hereby is, authorized, directed and empowered to retain, on behalf of, and in the name of, the Corporation and to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain: (a) Jones Day; (b) Rayburn Cooper & Durham, P.A.; (c) The Cook Law Firm; (d) PricewaterhouseCoopers, LLP; (e) NERA Economic Consultants; (f) Prime Clerk LLC; and (g) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, in each case as in such Designated Officer's or Officers' judgment may be necessary or desirable in connection with the Corporation's chapter 11 case and other related matters, on such terms as such officer or officers shall approve and such Designated Officer's retention thereof to constitute conclusive evidence of such Designated Officer's approval;

"FURTHER RESOLVED, that the law firms of (a) Jones Day; (b) Rayburn Cooper & Durham, P.A.; (c) The Cook Law Firm; and (d) any additional special or local counsel selected by the Designated Officers, if any, shall be, and hereby are, authorized, empowered and directed to represent the Corporation, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

"FURTHER RESOLVED, that the Corporation, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into, or guarantee amounts under, any postpetition financing facility and any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders, which lenders may include any affiliate of the Corporation, and on such terms as may be approved by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Corporation; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Corporation's assets, in such case, as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the Financing Transactions;

"FURTHER RESOLVED, that: (a) the Designated Officers shall be and each of them, acting alone, hereby is, authorized, directed

and empowered in the name of, and on behalf of the Corporation, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Designated Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) the Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by the Designated Officers are approved; and (c) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval thereof;

"FURTHER RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the officers of the Corporation or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Corporation to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

"FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Corporation in connection with the implementation of these resolutions in all respects are hereby ratified, confirmed and approved; and that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects ratified, confirmed and approved; and

"FURTHER RESOLVED, that any Designated Officer shall be, and each of them, acting alone, hereby is, authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Designated Officer, a true copy of the foregoing resolutions."

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of Sept. 30, 2016.

Robert S. Markwell

Charles E. McChesney, II

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KAISER GYPSUM COMPANY, INC., *et al.*,[1] | : | Case No. 16-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Requested) |
| | : | |

**CONSOLIDATED LIST OF CREDITORS
HOLDING LARGEST UNSECURED CLAIMS**

   Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. (together, the "Debtors") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting, among other things, authority to file a consolidated list of creditors holding the largest unsecured claims (the "Largest Unsecured Creditors List") and exclude asbestos personal injury claimants from the list and instead include a separate consolidated list of the 30 asbestos plaintiff firms with the largest number or scope of asbestos cases filed against the Debtors.

   The Largest Unsecured Creditors List is based on the Debtors' books and records as of approximately September 29, 2016, and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases.  The Largest Unsecured Creditors List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31), (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims, or (3) asbestos personal injury claimants or the law firms representing those claimants.  The information contained in the Largest Unsecured Creditors List shall not constitute an admission by, nor shall it be binding on, the Debtors.

---

[1]  The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313).  The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

**Fill in this information to identify the case and this filing:**

Debtor Name  Kaiser Gypsum Company, Inc., et al.

United States Bankruptcy Court for the:  Western _____  District of  North Carolina
(State)

Case number (if known):  _____

❑ Check if this is an
amended filing

## Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Apex Companies, LLC 3015 SW First Ave Portland, OR  97201 | Attn:  President or General Counsel Phone:  (503) 924-4704 E-mail: info@apexcos.com | Trade | | | | $29,139.41 |
| 2 Armstrong World Industries 1645 Railroad Avenue St. Helens, OR 97051 | Attn:  President or General Counsel Phone:  (503) 397-0705 E-mail: jenniferjohnson@armstrongceilings.com | Contribution | Contingent and Unliquidated | | | |
| 3 Berryessa Light Industrial Center Commercial Condominium Association, Inc. 3180 Crow Canyon Place #100 San Ramon, CA 94583 | Attn:  President or General Counsel Phone: E-mail: | Litigation | Contingent, Unliquidated, Disputed | | | |
| 4 Truck Insurance Exchange 4680 Wilshire Boulevard Los Angeles, CA 90010-3807 | Attn:  President or General Counsel Phone:  (323) 932-3101 E-mail: | Insurance Deductible | Contingent and Unliquidated | | | |
| 5 Oregon Department of Environmental Quality Central Services Division, Financial Services, Revenue Branch 811 SW Sixth Avenue Portland, OR 97204-1390 | Attn: Phone:  (503) 229-5696 E-mail: deq.info@deq.state.or.us | Statutory | Contingent, Unliquidated, Disputed | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 US Environmental Protection Agency MC 2310A 1200 Pennsylvania Ave., N.W. Washington, DC 20460 | Attn: Avi Garbow, General Counsel Phone: (202) 564-8040 E-mail: garbow.avi@epa.gov | Statutory | Contingent, Unliquidated, Disputed | | | |
| 7 Washington Department of Ecology 1125 Washington St. SE Olympia, WA 98504-0100 | Attn: Laura Watson, Attorney General's Office Phone: (360) 586-4614 E-mail: lauraw2@atg.wa.gov | Statutory | Contingent, Unliquidated, Disputed | | | |
| 8 Owens Corning 1 Owens Corning Parkway Toledo, OH 43659 | Attn: President or General Counsel Phone: (419) 248-8000 E-mail: | Contribution | Contingent and Unliquidated | | | |
| 9 King County, Washington King County Chinook Building 401 5th Ave. Suite 800 Seattle, WA 98104 | Attn: Executive Office Phone: (206) 263-9600 E-mail: kcexec@kingcounty.gov | Contribution | Contingent, Unliquidated, Disputed | | | |
| 10 City of Seattle 600 Fourth Avenue Seattle, WA 98104 | Attn: Peter S. Holmes, City Attorney Phone: (206) 684-8228 E-mail: Peter.Holmes@seattle.gov | Contribution | Contingent, Unliquidated, Disputed | | | |
| 11 Port of Seattle 2711 Alaskan Way Seattle, WA 98121 | Attn: Craig Watson, General Counsel Phone: (206) 787-3000 E-mail: info@portseattle.org | Contribution | Contingent, Unliquidated, Disputed | | | |
| 12 Boeing Corporation 100 N Riverside Plaza Chicago, IL 60606 | Attn: President or General Counsel Phone: (312) 544-2000 E-mail: | Contribution | Contingent, Unliquidated, Disputed | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

---

**Fill in this information to identify the case and this filing:**

Debtor Name   Kaiser Gypsum Company, Inc.

United States Bankruptcy Court for the:   Western _____ District of  North Carolina
                                                                        (State)

Case number (If known):   _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

❑   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

❑   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

❑   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

❑   *Schedule H: Codebtors (Official Form 206H)*

❑   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

❑   Amended *Schedule* _____

◼   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

❑   Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/30/2016          **X** _____
              MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                      Charles E. McChesney II
                                      Printed name

                                      Vice President and Secretary
                                      Position or relationship to debtor

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| KAISER GYPSUM COMPANY, INC., *et al.*,[1] | : | Case No. 16-_____ (___) |
|  | : |  |
| Debtors. | : | (Joint Administration Requested) |
|  | : |  |

## CONSOLIDATED LIST OF THE 30 ASBESTOS PLAINTIFF FIRMS WITH THE LARGEST NUMBER OR SCOPE OF ASBESTOS CASES AGAINST THE DEBTORS

Concurrently with this petition, debtors Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. (together, the "Debtors") have filed a motion seeking authority to file a consolidated list of the thirty (30) asbestos plaintiff firms with the largest number or scope of pending asbestos personal injury cases against one or both of the Debtors (the "Asbestos List"). The Asbestos List was prepared with information existing as of August 31, 2016 and is included below. The Debtors reserve the right to amend the Asbestos List based on information existing as of the filing date.

The information contained in the Asbestos List shall not constitute an admission by, nor shall it be binding on, the Debtors.

| Name of law firm | Name, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of law firm familiar with claims who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to set-off |
|---|---|---|---|
| Baron & Budd, P.C. | 3102 Oak Lawn Ave., Ste. 1100 Dallas, TX 75219 (800) 222-2766 Attn:  Steve Baron | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

| Name of law firm | Name, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of law firm familiar with claims who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to set-off |
|---|---|---|---|
| Brayton Purcell LLP | 222 Rush Landing Road<br>P.O. Box 6169<br>Novato, CA 94945<br>(415) 898-1555<br>Attn: Alan R. Brayton | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Belluck & Fox | 546 Fifth Avenue, 4th Floor<br>New York, NY 10036<br>(212) 681-1575<br>Attn: John W. Belluck | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Brent Coon & Associates | 215 Orleans<br>Beaumont, TX 77701<br>(866) 335-2666<br>Attn: Brent Coon | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Brookman Rosenberg Brown Sandler | One Penn Square West, 17th Fl.<br>30 South 15th Street<br>Philadelphia, PA 19102<br>(215) 569-4000<br>Attn: Laurence H. Brown | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Cappolino Dodd Krebs | 312 South Houston Avenue<br>Cameron, TX 76520<br>(254) 697-4965<br>Attn: Richard A. Dodd | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Cooney & Conway | 120 N. Lasalle Street, Suite 300<br>Chicago, IL 60602<br>(888) 905-2912<br>Attn: John D. Cooney | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Deblase Brown Eyerly LLP | 680 South Santa Fe Avenue<br>Los Angeles, CA 90021<br>(310) 575-9955<br>Attn: Eric Brown | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Early, Lucarelli, Sweeney & Meisenhothen | 360 Lexington Ave., 20th Floor<br>New York, NY 10017<br>(212) 986-2233<br>Attn: Brian Early | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Flint & Associates | 112 Magnolia Drive<br>P.O. Box 930<br>Glen Carbon, IL 62034<br>(618) 288-4777<br>Attn: Ethan A. Flint | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |

| Name of law firm | Name, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of law firm familiar with claims who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to set-off |
|---|---|---|---|
| G. Patterson Keahey P.C. | One Independence Plaza, Ste. 612<br>Birmingham, AL 35209<br>(800) 291-0050<br>Attn:  G. Patterson Keahey | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Goldenberg Heller & Antognoli, P.C. | 2227 South State Route 157<br>Post Office Box 959<br>Edwardsville, IL  62025<br>(618) 656-5150<br>Attn:  Peter D'Angelo | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Gori Julian & Associates, P.C. | 156 North Main Street<br>Edwardsville, IL  62025<br>(618) 307-4085<br>Attn:  Beth Gori | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Law Offices of Clifford Cuniff | 238 G. Westwood Road<br>Annapolis, MD  21401<br>(410) 269-1461<br>Attn:  Clifford W. Cuniff | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Law Offices of Dale Bowers | 242 North James St., Ste. 100<br>Newport, DE  19804<br>(302) 691-3786<br>Attn:  A. Dale Bowers | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Law Offices of Peter G. Angelos, P.C. | 100 North Charles Street<br>Baltimore, MD  21201<br>(410) 649-2000<br>Attn:  Armand J. Volta, Jr. | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Maune, Raichele, Hartley, French & Mudd, LLC | 70 Washington Street, Suite 200<br>Oakland, CA  94607<br>(800) 358-5922<br>Attn: David L. Amell | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Napoli Shkolnik PLLC | 360 Lexington Avenue, 11th Fl.<br>New York, NY  10017<br>(212) 397-1000<br>Attn:  Paul Napoli | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Paul Reich & Myers, P.C. | 1608 Walnut Street, Suite 500<br>Philadelphia, PA  19103<br>(215) 735-9200<br>Attn:  Robert E. Paul | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |

| Name of law firm | Name, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of law firm familiar with claims who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to set-off |
|---|---|---|---|
| Reyes, O'Shea & Coloca, P.A. | 345 Palermo Avenue<br>Coral Gables, FL 33134<br>(305) 374-8110<br>Attn: Unknown | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Shrader & Associates | 22A Ginger Creek Parkway<br>Glen Carbon, IL 62034<br>(618) 659-0001<br>Attn: Ross D. Stomel | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Simmons Hanly Conroy LLC | One Court Street<br>Alton, IL 62002<br>(618) 259-2222<br>Attn: Perry J. Browder | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| SWMK Law, LLC | 701 Market Street, Suite 1000<br>St. Louis, MO 63101<br>(314) 480-5180<br>Attn: Benjamin R. Schmickle | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| The Deaton Law Firm, LLC | 450 North Broadway<br>East Providence, RI 02914<br>(401) 351-6400<br>Attn: John Deaton | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| The Ferraro Law Firm | 600 Brickell Ave, 38th Floor<br>Miami, FL 33131<br>(305) 375-0111<br>Attn: James L. Ferraro | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| The Lanier Law Firm | 6810 FM 1960 West<br>Houston, TX 77069<br>(713) 659-5200<br>Attn: W. Mark Lanier | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| The Nemeroff Law Firm | 3355 W. Alabama St., Ste. 650<br>Houston, TX 77098<br>(281) 378-5970<br>Attn: Rick Nemeroff | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| The Williams Law Firm | 245 Park Avenue, 39th Floor<br>New York, NY 10167<br>(212) 668-1122<br>Attn: Joseph P. Williams | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |

| Name of law firm | Name, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of law firm familiar with claims who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to set-off |
|---|---|---|---|
| Weitz & Luxenberg, P.C. | 700 Broadway<br>New York, NY 10003<br>(212) 558-5500<br>Attn:  Perry Weitz | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |
| Wilentz, Goldman & Spitzer | 110 William Street, 26th Floor<br>New York, NY  10038-3901<br>(212) 267-3091<br>Attn:  Kevin M. Berry | Asbestos Personal Injury | Disputed/Contingent/ Unliquidated |

---

**Fill in this information to identify the case and this filing:**

Debtor Name **Kaiser Gypsum Company, Inc.**

United States Bankruptcy Court for the: **Western** _____ District of _North Carolina_
(State)

Case number (*if known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration _List of the 30 Asbestos Plaintiff Firms With the Largest Number or Scope of Pending Asbestos Personal Injury Cases_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _09/30/2016_      **x** _____
MM / DD / YYYY                Signature of individual signing on behalf of debtor

Charles E. McChesney II
Printed name

Vice President and Secretary
Position or relationship to debtor

---

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KAISER GYPSUM COMPANY, INC.,[1] | : | Case No. 16-_____ (____) |
| | : | |
| Debtor. | : | (Joint Administration Requested) |
| | : | |

### CONSOLIDATED MASTER CREDITORS LIST

The debtor in this chapter 11 case and Hanson Permanente Cement, Inc. (together, the "Debtors") each filed a petition in this Court on the date hereof for relief under chapter 11 of the Bankruptcy Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion (the "Motion") requesting, among other things, authority to file a single consolidated list of creditors (the "Master Creditors List") in lieu of separate lists. Due to its voluminous nature, the Master Creditors List and its related certification have been filed only with the petition for debtor Kaiser Gypsum Company, Inc. The Master Creditors List and its related certification are incorporated herein by reference.

The Master Creditors List has been prepared on a consolidated basis from the books and records of the Debtors, and contains only those parties whose names and addresses were maintained in the databases of the Debtors or were otherwise readily ascertainable by the Debtors prior to the commencement of these cases. The Debtors will update the Master Creditors List as more information becomes available.

Pursuant to the Motion, the Debtors are seeking authority to serve all notices, mailings or other documents required to be provided to asbestos personal injury claimants (the "Asbestos Claimants") on counsel of record for the Asbestos Claimants, in lieu of the individual Asbestos Claimants themselves. Accordingly, the Master Creditors List includes the addresses of counsel for each of the Asbestos Claimants rather than the addresses of each individual Asbestos Claimant.

Certain of the creditors listed on the Master Creditors List may not hold outstanding claims against any of the Debtors and therefore may not be creditors in the Debtors' bankruptcy cases. By filing the Master Creditor List, the Debtors are not waiving or otherwise affecting their right to object to the extent, validity or enforceability of the claims, if any, held by the parties listed on the Master Creditors List.

---

[1]     The Debtor's last four digits of its taxpayer identification number are 0188. The Debtor's address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

---

**Fill in this information to identify the case and this filing:**

Debtor Name _Kaiser Gypsum Company, Inc._

United States Bankruptcy Court for the: _Western_ District of _North Carolina_
                                                                    (State)

Case number (*if known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

❑ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

❑ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

❑ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

❑ *Schedule H: Codebtors (Official Form 206H)*

❑ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

❑ Amended *Schedule* _____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

■ Other document that requires a declaration Consolidated Master Creditors List _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _09/30/2016_                    ✗ _____
           MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                               Charles E. McChesney II
                                               Printed name

                                               Vice President and Secretary
                                               Position or relationship to debtor