**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KAISER GYPSUM COMPANY, INC., | : | Case No. 16-_____ (___) |
| a North Carolina corporation, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Employer's Tax Identification No.: 94-1230188 | : | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| HANSON PERMANENTE CEMENT, INC., | : | Case No. 16-_____ (___) |
| an Arizona corporation, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Employer's Tax Identification No.: 86-0197313 | : | |

**DEBTORS' MOTION FOR AN ORDER DIRECTING THE**
**JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

The above-captioned debtors (together, the "<u>Debtors</u>")[1] move the Court for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1015-1 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "<u>Local Rules</u>"): (i) directing the joint administration of the Debtors' chapter 11 cases; and (ii) granting certain related relief. In support of this motion, the Debtors incorporate the statements contained in the Declaration of Charles E. McChesney II in Support of First Day Pleadings (the "<u>First Day Declaration</u>") filed contemporaneously herewith and further respectfully state as follows:

---

[1]   The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

NAI-1501770573v5

**Background**

1. On the date hereof, each of the Debtors commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

2. Debtor Hanson Permanente Cement, Inc. ("HPCI") is a wholly-owned, indirect subsidiary of non-debtor Lehigh Hanson, Inc. ("Lehigh Hanson"). HPCI is the direct parent of Debtor Kaiser Gypsum Company, Inc. ("Kaiser Gypsum") and certain additional domestic non-debtor subsidiaries. Kaiser Gypsum holds a 41 2/3% joint venture interest in Gypsum Carrier, Inc., a Panama company. The ultimate parent of the Debtors and Lehigh Hanson is non-debtor HeidelbergCement AG, a German company.

3. In addition to the equity in its subsidiaries, HPCI owns a cement plant, rock plant and quarry (including the minerals) located in Santa Clara County, California that it leases to a non-debtor affiliate, which manages and operates them. Kaiser Gypsum has no current business operations, other than managing its legacy liabilities, and no material, tangible assets.

4. The Debtors are defendants in asbestos-related bodily injury lawsuits filed in various state courts. Those lawsuits generally seek unspecified damages for asbestos-related diseases based on alleged exposures to asbestos-containing products previously manufactured and sold by the Debtors. The Debtors have primary and excess insurance policies that cover asbestos bodily injury claims. In addition, the Debtors have environmental liabilities arising

---

[2] This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

from manufacturing plants they previously owned and operated in the Pacific Northwest. Although the Debtors believe they have insurance coverage for these liabilities, their primary and excess insurers to date have issued reservations of rights and declined to confirm their coverage obligations with respect to these liabilities.

### Relief Requested

5.  The Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing (a) the joint administration of the Debtors' chapter 11 cases and (b) parties in interest to use a consolidated caption to indicate that any pleading filed relates to the jointly administered bankruptcy cases of "Kaiser Gypsum Company, Inc., *et al.*"  A proposed consolidated caption for all notices, applications, motions and other pleadings (the "Proposed Caption") is annexed to the proposed order approving this motion as Exhibit 1.  The Debtors also request that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.  Finally, the Debtors' respectfully request that a docket entry be made on the docket in the chapter 11 case of HPCI substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc.  The docket of Kaiser Gypsum Company, Inc. Case No. 16-_____ (____) should be consulted for all matters affecting this case.

### Basis for the Relief Requested

6.  Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Local Rule 1015-1 states that:

> The bankruptcy estates of related cases may be jointly administered only by order of the Court after notice and a hearing.

Hanson Permanente Cement, Inc. is the parent corporation of Kaiser Gypsum Company, Inc. Accordingly, the Debtors, are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. An order of joint administration relates to the routine administration of a case and may be entered by the Court after notice and a hearing. See Local Rule 1015-1. Accordingly, this Court is authorized to grant the relief requested herein.

7. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense. Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in each of these cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining redundant files in two cases. Finally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

8. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

**Notice**

9. Notice of this motion has been provided to: (a) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (b) the Debtors'

largest non-asbestos creditors and the law firms with the largest number or scope of pending asbestos personal injury cases against the Debtors, as identified in the Debtors' chapter 11 petitions; and (c) Lehigh Hanson.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

10. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting:  (i) the relief requested herein; and (ii) such other and further relief to the Debtors as the Court may deem proper.

| | |
|---|---|
| Dated: September 30, 2016<br>(Charlotte, NC) | Respectfully submitted,<br><br>*/s/ John R. Miller, Jr.*<br>C. Richard Rayburn, Jr. (NC 6357)<br>John R. Miller, Jr. (NC 28689)<br>RAYBURN COOPER & DURHAM, P.A.<br>1200 Carillon<br>227 West Trade Street<br>Charlotte, North Carolina  28202<br>Telephone:  (704) 334-0891<br>Facsimile:  (704) 377-1897<br>E-mail:   rrayburn@rcdlaw.net<br>              jmiller@rcdlaw.net<br><br>-and-<br><br>Gregory M. Gordon (TX 08435300)<br>Dan B. Prieto (TX 24048744)<br>Amanda M. Suzuki (TX 24079422)<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas  75201<br>Telephone:  (214) 220-3939<br>Facsimile:  (214) 969-5100<br>E-mail:  gmgordon@jonesday.com<br>             dbprieto@jonesday.com<br>             asuzuki@jonesday.com<br><br>PROPOSED ATTORNEYS FOR DEBTORS |

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KAISER GYPSUM COMPANY, INC., | : | Case No. 16-_____ (___) |
| a North Carolina corporation, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Employer's Tax Identification No.: 94-1230188 | : | |

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HANSON PERMANENTE CEMENT, INC., | : | Case No. 16-_____ (___) |
| an Arizona corporation, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Employer's Tax Identification No.: 86-0197313 | : | |

**ORDER DIRECTING THE JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

This matter coming before the Court on the Debtors' Motion for an Order Directing the Joint Administration of Their Chapter 11 Cases (the "Motion"),[1] filed by the

---

1   Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1501770573v5

above-captioned debtors (together, the "Debtors");[2] the Court having reviewed the Motion and the First Day Declaration; having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (d) due and sufficient notice of the Motion having been given; and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered. The Clerk of the Court shall maintain one file and one docket for these jointly administered cases, which file and docket for each chapter 11 case shall be the file and docket for Kaiser Gypsum Company, Inc., Case No. 16-_____ (____).

3. Parties in interest are directed to use the Proposed Caption annexed hereto as Exhibit 1 when filing a pleading with the Court in the chapter 11 cases of the Debtors indicating that the pleading relates to the jointly administered chapter 11 cases of "Kaiser Gypsum Company, Inc., *et al.*" The consolidated caption satisfies the requirements of section 342(c) of the Bankruptcy Code in all respects.

4. A docket entry shall be made on the docket for Hanson Permanente Cement, Inc. substantially as follows:

---

[2] The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

        An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. The docket of Kaiser Gypsum Company, Inc. in Case No. 16-_____ (____) should be consulted for all matters affecting this case.

        5.       Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of any of the above-captioned chapter 11 cases.

        6.       Pursuant to Local Rule 9013-1(f), any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.        United States Bankruptcy Court

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KAISER GYPSUM COMPANY, INC., *et al.,*[1] | : | Case No. 16-_____ (___) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**[TITLE OF PLEADING OR OTHER DOCUMENT]**

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

NAI-1501770573v5