# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| KAISER GYPSUM COMPANY, INC., *et al.*,[1] | Case No. 16-31602 (JCW) |
| Debtors. | Jointly Administered |

### *EX PARTE* APPLICATION FOR ORDER AUTHORIZING THE FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS HIS ATTORNEYS

Lawrence Fitzpatrick (the "Future Claimants' Representative"), as the legal representative for persons that have not yet asserted an asbestos-related personal injury claim against the Debtors in the above-captioned case but may in the future assert such a claim (the "Future Claimants"), submits this application (the "Application") for an order, pursuant to sections 105(a), 524(g) and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Future Claimants' Representative to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as his attorneys, effective as of September 30, 2016.  In support of this Application, the Future Claimants' Representative relies upon the Declaration of Edwin J. Harron (the "Harron Declaration"), attached hereto as Exhibit A, and represents as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the instant Application pursuant to 28 U.S.C. § 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of

---

[1]    The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

the Debtors' chapter 11 cases and this Application is proper in this District pursuant to 28 U.S.C.

§§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a),

524(g) and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014.

3.      On September 30, 2016 (the "Petition Date"), Kaiser Gypsum Company,

Inc. and Hanson Permanente Cement, Inc. (the "Debtors") each filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors have continued in possession of their property and have

continued to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

5.      No request has been made for the appointment of a trustee or examiner in

these cases.

6.      By order dated October 14, 2016, an official committee of unsecured

creditors (the "Unsecured Creditors Committee") was appointed.

7.      By order dated October 19, 2016, the Court appointed an official

committee of asbestos personal injury claimants (the "Asbestos Claimants Committee").

8.      On October 11, 2016, the Debtors and the proposed official committee of

asbestos personal injury claimants submitted to this Court a joint application [D.I. 68] for entry

of an order appointing Lawrence Fitzpatrick as the Future Claimants' Representative in these

chapter 11 cases, effective as of September 30, 2016.

9.      By order dated October 19, 2016, the Future Claimants' Representative

was appointed, effective as of September 30, 2016.

## RELIEF REQUESTED

10.     By this Application, the Future Claimants' Representative respectfully requests the entry of an order authorizing him to employ as his attorneys and to retain the law firm of Young Conaway, effective as of September 30, 2016.

## BASIS FOR THE RELIEF SOUGHT

11.     Section 1103(a) of the Bankruptcy Code provides, in relevant part, as follows:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

12.     Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee.  The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee.  The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

13.     Relying upon section 1103(a) of the Bankruptcy Code and Rule 2014,

courts in chapter 11 cases in this and other districts, have authorized legal representatives for

future claimants to retain counsel to assist them in performing their duties in the bankruptcy

proceedings.  See, e.g., In re Garlock Sealing Tech., Case No. 10-31607 (GRH) (Bankr.

W.D.N.C. Sept. 30, 2010); In re Johns-Manville Corporation, Ch. 11 Case No. 82-B-11656

(BRL) (Bankr. S.D.N.Y. August 14, 1984); In re Keene Corporation, Ch. 11 Case No. 93-B-

46090 (SMB) (Bankr. S.D.N.Y. 1994); In re The Babcock & Wilcox Company, Ch. 11 Case No.

00-10092 (Bankr. E.D. La. 2000); In re Pittsburgh Corning Corporation, Ch. 11 Case No. 00-

22876 (JKF) (Bankr. W.D. Pa. 2000); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-

10578 (Bankr. D. Del. 2001); In re USG Corporation, Ch. 11 Case No. 01-2094 (RJN) (Bankr.

D. Del. 2001); In re ACandS, Inc., Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re

Kaiser Aluminum Corporation, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re

North American Refractories Co., Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In

re Global Industrial Technologies, Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa.

2002); In re Met-Coil Systems, Corp., Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003);

In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re The

Flintkote Company, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Durabla Mfg.

Company, Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); In re Specialty Products

Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); In re Leslie Controls,

Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); In re United Gilsonite

Laboratories, Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa. 2011); In re Metex Mfg. Corporation,

Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); In re Rapid-American Corporation,

Ch. 11 Case No. 13-10687 (SMB) (Bankr. S.D.N.Y 2013); In re Yarway Corporation, Ch. 11

Case No. 13-11025 (BLS) (Bankr. D. Del. 2013).  As disclosed below and in the accompanying

Harron Declaration, Young Conaway is counsel to the legal representative in certain of these

cases, among others.

14.    Young Conaway is a general practice, litigation-oriented firm that

maintains national, regional and local practices in the areas of corporate, bankruptcy,

commercial, real estate, personal injury, employment and environmental law.  Young Conaway's

Bankruptcy and Corporate Restructuring section has extensive experience and knowledge in the

field of debtors' and creditors' rights and business reorganizations under chapter 11 of the

Bankruptcy Code.  Moreover, Young Conaway has substantial experience in bankruptcy cases

affecting the rights of mass-tort asbestos claimants:

(a)    Young Conaway represented the legal representative for future

claimants in the following asbestos bankruptcy cases that reached

confirmation: In re The Celotex Corporation, Ch. 11 Case Nos. 90-

100016-8B1 and 90-100017-8B1 (Bankr. M.D. Fla.); In re Armstrong

World Industries, Inc., Ch. 11 Case No. 00-4471 (Bankr. D. Del. 2000); In

re The Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (Bankr. E.D.

La. 2000); In re Owens Corning, Ch. 11 Case No. 00-3837 (Bankr. D. Del.

2000); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578

(Bankr. D. Del. 2001); In re USG Corporation, Ch. 11 Case No. 01-2094

(RJN) (Bankr. D. Del 2001); In re ACandS Inc., Ch. 11 Case No. 02-

12687 (RJN) (Bankr. D. Del. 2002); In re Kaiser Aluminum Corporation,

Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re North

American Refractories Company, Ch. 11 Case No. 02-20198 (JKF)

(Bankr. W.D. Pa. 2002); <u>In re Global Industrial Technologies, Inc.</u>, Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); <u>In re Porter-Hayden Company</u>, Ch. 11 Case No. 02-54152-SD (Bankr. D. Md.); <u>In re Mid-Valley, Inc.</u>, Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); <u>In re Durabla Mfg. Company</u>, Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); <u>In re Leslie Controls, Inc.</u>, Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); <u>In re Pittsburgh Corning Corporation</u>, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); <u>In re The Flintkote Company</u>, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); <u>In re Specialty Products Holding Corp.</u>, Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); <u>In re United Gilsonite Laboratories</u>, Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa. 2011); <u>In re Metex Mfg. Corporation</u>, Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); and <u>In re Yarway Corporation</u>, Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013).  In addition, Young Conaway represented the legal representative for future claimants exposed to tetrochloroethylene in <u>In re Met-Coil Systems Corporation</u>, Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

(b)     Young Conaway currently represents the legal representative for future claimants in the pending bankruptcy case of <u>In re Rapid-American Corporation</u>, Ch. 11 Case No. 13-10687 (SMB) (Bankr. S.D.N.Y 2013).

(c)     Young Conaway represents the legal representative for future claimants in connection with asbestos personal injury settlement trusts established from the <u>ACandS</u>, <u>Babcock & Wilcox</u>, <u>Celotex</u>, <u>Federal-</u>

6

Mogul, Kaiser Aluminum, Porter-Hayden, Pittsburgh Corning, Flintkote, SPHC, UGL, Durabla, Leslie Controls, APG, NARCO, Metex, and Yarway bankruptcy cases.  In addition, Young Conaway represents the legal representative for future claimants in connection with the asbestos and silica settlement trusts established from the Mid-Valley (DII Industries, LLC) bankruptcy case, the legal representative for future claimants in connection with the asbestos settlement trust established from the bankruptcy case of In re Quigley Company, Inc., Ch. 11 Case No. 04-15739 (SMB) (Bankr. S.D.N.Y. 2004), and the legal representative for future claimants in connection with the Met-Coil TCE Trust.  Young Conaway also represents the State Insulation Corporation Asbestos Personal Injury Trust, of which Mr. Harron serves as the Trustee.

(d)      Young Conaway represented the debtor in the asbestos-related chapter 11 case of In re Fuller-Austin Insulation Company, Ch. 11 Case No. 98-2038 (JJF) (Bankr. D. Del. 1998), for which a plan was confirmed in 1998.

(e)      Young Conaway currently represents the debtor in the asbestos-related chapter 11 case of In re Eagle, Inc., Ch. 11 Case No. 15-12437 (JAB) (Bankr. E.D. La. 2015).

Accordingly, the Future Claimants' Representative believes that Young Conaway is well qualified to represent him in these chapter 11 cases.

15.      Prior to the Petition Date, the Debtors engaged Mr. Fitzpatrick to act as a pre-petition future claimants' representative for the purpose of representing the interests of

Future Claimants in attempting to achieve a global resolution of the Debtors' asbestos liabilities. In connection with his pre-petition representation of Future Claimants, Mr. Fitzpatrick retained Young Conaway to act as his counsel.  During the course of its pre-petition representation of Mr. Fitzpatrick, Young Conaway began to develop an understanding of the Debtors and their history, business, claims posture, and assets and liabilities.  If a law firm other than Young Conaway were chosen as the Future Claimants' Representative's counsel, the Debtors and other interested parties such as current claimants would lose the benefit of those efforts, as the new law firm would be required to expend time and resources to develop knowledge of the Debtors and their affairs.

16.     Since the Petition Date, the Future Claimants' Representative continued to engage in discussions with the Debtors and other parties in interest, and the appointment of the Future Claimants' Representative was made effective as of September 30, 2016.  Young Conaway has assisted the Future Claimants' Representative in his efforts since the Petition Date and, accordingly, the Future Claimants' Representative believes it appropriate that Young Conaway's retention be approved as of September 30, 2016.

## SERVICES TO BE PROVIDED

17.     The services that Young Conaway will perform will enable the Future Claimants' Representative to execute his duties and responsibilities in connection with these chapter 11 cases.  Subject to further orders of this Court, Young Conaway will render the following services, among others, to the Future Claimants' Representative:

(a)     Providing legal advice with respect to the Future Claimants' Representative's powers and duties as Future Claimants' Representative for the Future Claimants;

8

(b)       Taking any and all actions necessary to protect and maximize the

value of the Debtors' estates for the purpose of making distributions to

Future Claimants and to represent the Future Claimants' Representative in

connection with negotiating, formulating, drafting, confirming and

implementing a plan(s) of reorganization, and performing such other

functions as are set forth in section 1103(c) of the Bankruptcy Code or as

are reasonably necessary to effectively represent the interests of the Future

Claimants;

(c)       Appearing on behalf of the Future Claimants' Representative at

hearings, proceedings before the Court, and meetings and other

proceedings in these chapter 11 cases, as appropriate;

(d)       Preparing and filing, on behalf of the Future Claimants'

Representative, all applications, motions, objections, answers, orders,

reports, and other legal papers as may be necessary and as may be

authorized by the Future Claimants' Representative in connection with

these cases;

(e)       Representing and advising the Future Claimants' Representative

with respect to any contested matter, adversary proceeding, lawsuit or

other proceeding in which the FCR may become a party or otherwise

appear in connection with these chapter 11 cases; and

(f)       Performing any other legal services and other support requested by

the Future Claimants' Representative in connection with these cases.

9

The services listed above are necessary and essential to the Future Claimants' Representative.

Young Conaway has agreed to act on the Futures Claimants' Representative's behalf in all of

these respects upon the terms set forth in this Application.

18.     Young Conaway intends to apply for compensation for professional

services rendered in connection with these cases and for reimbursement of actual and necessary

expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, and the local rules and orders of this Court.  The attorneys and paralegals

presently designated to represent the Future Claimants' Representative and their current standard

hourly rates are:

| | |
|---|---|
| James L. Patton, Jr. (Partner) | $1,135 per hour |
| Edwin J. Harron (Partner) | $780 per hour |
| Sharon M. Zieg (Partner) | $660 per hour |
| Sara Beth A.R. Kohut (Counsel) | $530 per hour |
| Elizabeth S. Justison (Associate) | $370 per hour |
| Shane M. Reil (Associate) | $345 per hour |
| Casey S. Cathcart (Paralegal) | $235 per hour |
| Lisa M. Eden (Paralegal) | $210 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other

conditions.  Other attorneys and paralegals may from time to time serve the Future Claimants'

Representative in connection with the matters herein described.

19.     The hourly rates set forth above are Young Conaway's standard hourly

rates for work of this nature.  These rates are set at a level designed to fairly compensate the

Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine

overhead expenses.  It is Young Conaway's policy to charge its clients in all areas of practice for

all other expenses incurred in connection with the client's case.  The expenses charged to clients

include, among other things, telephone and facsimile toll and other charges, mail and express

mail charges, special or hand delivery charges, document processing, photocopying charges,

charges for mailing supplies (including, without limitation, envelopes and labels) provided by the

firm to outside copying services for use in mass mailings, travel expenses, expenses for working

meals, computerized research, transcription costs, as well as non-ordinary overhead expenses

such as secretarial and other overtime.  Young Conaway will charge for these expenses in a

manner and at rates consistent with charges made generally to Young Conaway's other clients.

Young Conaway believes that it is fairer to charge these expenses to the clients incurring them

than to increase the hourly rates and spread the expenses among all clients.

      20.    Young Conaway understands that its fees and expenses in these chapter 11

proceedings will be subject to the requirements of sections 330 and 331 of the Bankruptcy Code,

the Bankruptcy Rules and any order entered by this Court establishing procedures for interim

compensation and reimbursement of expenses of professionals.

      21.    Young Conaway has informed the Future Claimants' Representative that,

as set forth in the annexed Declaration of Edwin J. Harron, Young Conaway represents no other

entity in connection with these cases, and is disinterested as that term is defined in section

§101(14) of the Bankruptcy Code.

## BEST INTERESTS OF THE ESTATE

      22.    Young Conaway's bankruptcy and restructuring attorneys are, in the

Future Claimants' Representative's view, highly skilled.  Further, as noted above, Young

Conaway has already developed a detailed and substantial understanding of the Debtors and their

history, business, claims posture, and assets and liabilities.  The Future Claimants'

Representative therefore believes that the retention of Young Conaway is in the best interest of

the Debtors, their estates and creditors, as well as in the best interest of the Future Claimants.

## NOTICE

23.     This application is being submitted on an *ex parte* basis pursuant to Local Rule 9013-1(f).  Upon entry of an order granting the relief requested, the Future Claimants' Representative will provide notice of entry of the order in accordance with the Federal Rules of Bankruptcy Procedure, and any party in interest shall be entitled to request that the Court reconsider the relief provided within 14 days of service of notice of the order.

## NO PREVIOUS REQUEST

24.     No previous request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Future Claimants' Representative requests entry of an order, substantially in the form attached hereto as Exhibit B, authorizing him to employ and retain the firm of Young Conaway to represent him in these chapter 11 cases effective as of September 30, 2016, and granting such other and further relief as is just and proper.

Dated: October 19, 2016

Respectfully submitted,

/s/ *Felton E. Parrish*
Felton E. Parrish (N.C. Bar No. 25448)
HULL & CHANDLER, P.A.
1001 Morehead Square Drive, Suite 450
Charlotte, NC 28203
Telephone: 704-375-8488
Facsimile: 704-375-8487
Email: fparrish@lawyercarolina.com

-and-

James L. Patton, Jr. (Delaware Bar No. 2202)
Edwin J. Harron (Delaware Bar No. 3396)
Sharon M. Zieg (Delaware Bar No. 4196)
Sara Beth A.R. Kohut (Delaware Bar No. 4137)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
        eharron @ycst.com
        szieg@ycst.com
        skohut@ycst.com

*Proposed Counsel to the Future Claimants' Representative*

## **EXHIBIT A**

**HARRON DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| KAISER GYPSUM COMPANY, INC., *et al.*,[1] | Case No. 16-31602 (JCW) |
| Debtors. | Jointly Administered |

**DECLARATION OF EDWIN J. HARRON IN SUPPORT OF**
**APPLICATION FOR ORDER AUTHORIZING**
**FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY**
**YOUNG CONAWAY STARGATT & TAYLOR, LLP AND STATEMENT AS**
**COUNSEL TO FUTURE CLAIMANTS' REPRESENTATIVE**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a)**

I, EDWIN J. HARRON, ESQUIRE, hereby state as follows:

1.      I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP

("Young Conaway"), Rodney Square, 1000 North King Street, Wilmington, Delaware 19801.  I

am admitted to practice before the Supreme Court of the United States; the United States Court

of Appeals for the Third Circuit; the United States District Courts for the District of Columbia,

the District of Delaware, the Southern District of New York, and the Western District of

Pennsylvania; and the Supreme Courts of the States of Delaware, New Jersey, and New York.

2.      I am authorized to make this declaration (the "Declaration") on behalf of

Young Conaway.  This Declaration is submitted pursuant to Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure in support of the Application of Lawrence Fitzpatrick (the "Future

Claimants' Representative") in his capacity as the legal representative for future asbestos-related

claimants (the "Future Claimants") in the above-captioned chapter 11 cases for an order

---

[1]     The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers
follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313).
The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

authorizing the employment of Young Conaway as counsel to the Future Claimants'

Representative (the "Application").

## DISINTERESTEDNESS OF PROFESSIONALS

       3.     Young Conaway has conducted searches in its conflicts database to

identify relationships with the Debtors, creditors, and other parties-in-interest (or potential

parties-in-interest) in these chapter 11 cases as identified in Exhibit 1.  Except as set forth in this

declaration, to the best of our knowledge, Young Conaway (a) does not hold or represent any

adverse interest in connection with the matters upon which Young Conaway is to be engaged,

and (b) is disinterested.

       4.     Young Conaway is a "disinterested person" as that term is defined in

section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy

Code, in that Young Conaway, its partners, counsel and associates:

     (a)     are not creditors, equity security holders or insiders of the Debtor;

     (b)     have not been, within two years before the date of the filing of the

Debtor's chapter 11 petition, directors, officers or employees of the

Debtor; and

     (c)     do not have an interest materially adverse to the interest of the

estate or of any class of creditors or equity security holders, by reason of

any direct or indirect relationship to, connection with, or interest in, the

Debtor, or for any other reason.

       5.     I am not related, and to the best of my knowledge, no bankruptcy attorney

at Young Conaway is related, to any United States Bankruptcy Judge in this district or to the

Bankruptcy Administrator for such district or any employee thereof.

6.      Young Conaway is a general practice, litigation-oriented firm that maintains national, regional and local practices in the areas of corporate, bankruptcy, commercial, real estate, personal injury, employment and environmental law.

7.      Mr. Fitzpatrick retained Young Conaway to act as his counsel in connection with his pre-petition representation of Future Claimants.  During the course of its representation of Mr. Fitzpatrick, Young Conaway began to develop an understanding of the Debtors and their history, business, claims posture, and assets and liabilities. During the ninety (90) days before the Petition Date, Young Conaway received and placed into a trust account $100,000 from the Debtors as a retainer for Mr. Fitzpatrick and Young Conaway.  Mr. Fitzpatrick was paid $5,498.70 from the retainer as compensation for pre-petition fees of $5300 and expenses of $198.70, and Young Conaway was paid $30,756.53 from the retainer as compensation for pre-petition fees of $30,079.50 and expenses of $677.03.

8.      Young Conaway was selected by the Future Claimants' Representative because of Young Conaway's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Moreover, Young Conaway has substantial experience in bankruptcy cases affecting the rights of mass-tort asbestos claimants:

> (a)      Young Conaway represented the legal representative for future claimants in the following asbestos bankruptcy cases that reached confirmation: In re The Celotex Corporation, Ch. 11 Case Nos. 90-100016-8B1 and 90-100017-8B1 (Bankr. M.D. Fla.); In re Armstrong World Industries, Inc., Ch. 11 Case No. 00-4471 (Bankr. D. Del. 2000); In re The Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (Bankr. E.D.

3

La. 2000); In re Owens Corning, Ch. 11 Case No. 00-3837 (Bankr. D. Del. 2000); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); In re USG Corporation, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del 2001); In re ACandS Inc., Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re Kaiser Aluminum Corporation, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re North American Refractories Company, Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Global Industrial Technologies, Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); In re Porter-Hayden Company, Ch. 11 Case No. 02-54152-SD (Bankr. D. Md.); In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re Durabla Mfg. Company, Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); In re Pittsburgh Corning Corporation, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re The Flintkote Company, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Specialty Products Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); In re United Gilsonite Laboratories, Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa. 2011); In re Metex Mfg. Corporation, Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); and In re Yarway Corporation, Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013). In addition, Young Conaway represented the legal representative for future

claimants exposed to tetrochloroethylene in In re Met-Coil Systems Corporation, Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

(b)     Young Conaway currently represents the legal representative for future claimants in the pending bankruptcy case of In re Rapid-American Corporation, Ch. 11 Case No. 13-10687 (SMB) (Bankr. S.D.N.Y 2013).

(c)     Young Conaway represents the legal representative for future claimants in connection with asbestos personal injury settlement trusts established from the ACandS, Babcock & Wilcox, Celotex, Federal-Mogul, Kaiser Aluminum, Porter-Hayden, Pittsburgh Corning, Flintkote, SPHC, UGL, Durabla, Leslie Controls, APG, NARCO, Metex, and Yarway bankruptcy cases.  In addition, Young Conaway represents the legal representative for future claimants in connection with the asbestos and silica settlement trusts established from the Mid-Valley (DII Industries, LLC) bankruptcy case, the legal representative for future claimants in connection with the asbestos settlement trust established from the bankruptcy case of In re Quigley Company, Inc., Ch. 11 Case No. 04-15739 (SMB) (Bankr. S.D.N.Y. 2004), and the legal representative for future claimants in connection with the Met-Coil TCE Trust.  Young Conaway also represents the State Insulation Corporation Asbestos Personal Injury Trust, of which I serve as the Trustee.

(d)     Young Conaway represented the debtor in the asbestos-related chapter 11 case of In re Fuller-Austin Insulation Company, Ch. 11 Case

No. 98-2038 (JJF) (Bankr. D. Del. 1998), for which a plan was confirmed in 1998.

(e)     Young Conaway currently represents the debtor in the asbestos-related chapter 11 case of In re Eagle, Inc., Ch. 11 Case No. 15-12437 (JAB) (Bankr. E.D. La. 2015).

9.      In addition, Young Conaway and certain of its partners, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtors in connection with matters unrelated to the Debtors and these cases.

10.     Young Conaway represents AIU Insurance Company, Certain London Market Insurers, the Continental Insurance Company, Granite State Insurance Company, International Insurance Company, Lexington Insurance Company, and National Union Fire Insurance Company of Pittsburgh, PA, in various insurance defense litigation matters that are unrelated to this matter.

11.     Young Conaway represents Travelers Insurance and St. Paul Travelers in workers compensation matters on behalf of various employers.

12.     Young Conaway also represents Saint-Gobain Containers, Inc. and Ardagh Glass Inc. in certain commercial litigation that is unrelated to this matter and does not involve asbestos issues.

13.     In addition, Young Conaway represents Praxair, Inc., in certain intellectual property litigation that is unrelated to this matter and does not involve asbestos issues.

6

14.     None of the representations described above are materially adverse to the interests of the estates, any class of creditors or equity security holders, the Future Claimants or the Future Claimants' Representative.  Thus, Young Conaway is disinterested and may act as counsel to the Future Claimants' Representative notwithstanding that it represents creditors in unrelated matters.

15.     Neither I, Young Conaway, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, represent any interest adverse either to the Future Claimants' Representative or the Debtors herein or their estates in the matters upon which Young Conaway is to be engaged.

16.     Young Conaway will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Young Conaway will use reasonable efforts to identify such further developments and will promptly file a Supplemental Declaration as Bankruptcy Rule 2014(a) requires.

## PROFESSIONAL COMPENSATION

17.     Young Conaway intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, this Court's Local Rules and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that Young Conaway incurs.  Young Conaway will charge hourly rates for its services in these cases that are consistent with the rates it charges in bankruptcy and non-bankruptcy matters of this type.  These hourly rates are subject to periodic adjustments, without further notice to the Court or any other entity, to reflect economic and other conditions.  The

principal attorneys and paralegals designated to represent the Future Claimants' Representative

and their current standard hourly rates are:

| | |
|---|---|
| James L. Patton, Jr. (Partner) | $1,135 per hour |
| Edwin J. Harron (Partner) | $780 per hour |
| Sharon M. Zieg (Partner) | $660 per hour |
| Sara Beth A.R. Kohut (Counsel) | $530 per hour |
| Elizabeth S. Justison (Associate) | $370 per hour |
| Shane M. Reil (Associate) | $345 per hour |
| Casey S. Cathcart (Paralegal) | $235 per hour |
| Lisa M. Eden (Paralegal) | $210 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other

conditions.  Other attorneys and paralegals may from time to time serve the Future Claimants'

Representative in connection with the matters herein described.

      18.     It is Young Conaway's policy to charge its clients in all areas of practice

for all other expenses incurred in connection with the client's case.  The expenses charged to

clients include among other things, photocopying, scanning, witness fees, travel expenses,

including airline upgrade certificates, certain secretarial and other overtime expenses, filing and

recordation fees, long distance telephone calls, postage, express mail and messenger charges,

computerized legal research charges and other computer services, expenses for working meals

and facsimile charges.  Young Conaway will charge for these expenses in a manner and at rates

consistent with charges made generally to its other clients.  Young Conaway believes that it is

fairer to charge these expenses to the particular client rather than increasing the hourly rates and

spreading the expenses among all clients.

      19.     No promises have been received by Young Conaway nor by any partner,

counsel or associate thereof as to compensation in connection with these cases other than in

accordance with the provisions of the Bankruptcy Code.  Young Conaway has no agreement

with any other entity to share with such entity any compensation received by Young Conaway in

connection with these cases.  Young Conaway further states pursuant to Rule 2016(b) of the

Federal Rules of Bankruptcy Procedure that, other than with respect to the retainer described

above that was used to compensate Mr. Fitzpatrick and Young Conaway for pre-petition

services, it has not shared, nor agreed to share (a) any compensation it has received or may

receive with another party or person, other than with the partners, counsel and associates of

Young Conaway, or (b) any compensation another person or party has received or may receive.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed this 18th day of October, 2016.

/s/ Edwin J. Harron
Edwin J. Harron (Del. Bar. No. 3396)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600

**Exhibit 1**

**List of Debtors, Creditors and
Other Potential Parties in Interest**

**Kaiser Gypsum Company, Inc.,** *et al.*

**Interested Parties**

**Debtors**
Hanson Permanente Cement, Inc.
Kaiser Gypsum Company, Inc.

**Non-Debtor Affiliates**
116 Sisquoc Property LLC
4601 Tacoma Property LLC
5-HK Holdings (No 1) Limited
5-HK Holdings (No 2) Limited
755 Portland Property LLC
8364 Fordyce Property LLC
Able Concrete Holdings Ltd.
Able Concrete Ltd.
ABM Concrete Ltd.
Allied Cement Company
All-Star Concrete (2011) Ltd.
Amcord, Inc.
American Stone Company
Asian Carriers, Inc.
Beazer East, Inc.
BP General Partner Ltd.
Building Products & Concrete Supply Limited
    Partnership
Cadman (Black Diamond), Inc.
Cadman (Rock), Inc.
Cadman (Seattle), Inc.
Cadman Holding Co., Inc.
Cadman, Inc.
Calaveras Materials, Inc.
Calaveras-Standard Materials, Inc.
California Commercial Asphalt, LLC
Campat
Campbell Concrete & Materials LLC
Campbell Sand and Gravel Company, LLLP
Campbell Transportation Services LLC
Cavenham Forest Industries LLC
CBR Baltic B.V.
Cemstone Products Company
Cemstone Ready-Mix, Inc.
Chandler Concrete/Piedmont, Inc.
Chaney Enterprises Limited Partnership
Cindercrete Mining Supplies Ltd.
Cindercrete Products Limited
Civil and Marine (Holdings) Limited

Civil and Marine Inc.
Commercial Aggregates Transportation and Sales,
    LLC
Constar LLC
Continental Florida Materials Inc.
CPC Terminals, Inc.
EPC VA 121, LLC
Essex NA Holdings LLC
Ferndale Ready Mix & Gravel, Inc.
Górażdże Cement SA
Great River Spec Mix, LLC
Gulf Coast Stabilized Materials LLC
Gypsum Carrier, Inc.
HA Properties IN, LLC
HA Properties KY, LLC
HA Properties NY II, LLC
HA Properties NY, LLC
HA Properties SC, LLC
Hampshire Properties LLC
HAMW Minerals, Inc.
Hanson (ER-No.16) Inc.
Hanson Aggregates BMC, Inc.
Hanson Aggregates Contracting, Inc.
Hanson Aggregates Davon LLC
Hanson Aggregates East LLC
Hanson Aggregates Joliet LLC
Hanson Aggregates LLC
Hanson Aggregates Mid-Pacific, Inc.
Hanson Aggregates Midwest LLC
Hanson Aggregates New York LLC
Hanson Aggregates Pacific Southwest, Inc.
Hanson Aggregates Pennsylvania LLC
Hanson Aggregates Properties TX, LLC
Hanson Aggregates Southeast LLC
Hanson Aggregates WRP, Inc.
Hanson Batteries Limited
Hanson Building Materials America LLC
Hanson Devon Limited
Hanson Finance America, Inc.
Hanson Funding (G) Limited
Hanson Hardscape Products LLC
Hanson Limited
Hanson Marine Finance, Inc.
Hanson Marine Operations, Inc.

Hanson Micronesia Cement, Inc.
Hanson Peabody Limited
Hanson Permanente Cement of Guam, Inc.
Hanson Structural Precast, Inc.
HBMA Holdings LLC
HBP Mineral Holdings LLC
HBP Property Holdings LLC
HeidelbergCement AG
HeidelbergCement Canada Holding Limited
HeidelbergCement Holding Coöperatief U.A.
HeidelbergCement Holding, S.a.r.l.
HeidelbergCement International Holding GmbH
HeidelbergCement UK Holding II Limited
HeidelbergCement UK Holding Limited
HNA Investments
Houston Cement Company, L.P.
HP&P SE Properties SC LLC
HP&P SE Properties VA LLC
HSC Cocoa Property Reserve, LLC
HSPP Properties BMC Ohio LLC
HSPP Properties Ohio LLC
HSPP Properties PMA Ohio LLC
HSPP Properties Tennessee LLC
KH 1 Inc.
KHB Venture LLC
Kidde Industries, Inc.
KSA Limited Partnership
Lehigh B.V.
Lehigh Cement Company LLC
Lehigh Hanson Holdings Limited
Lehigh Hanson Materials Limited
Lehigh Hanson Receivables LLC
Lehigh Hanson, Inc.
Lehigh Northeast Cement Company
Lehigh Northwest Cement Company
Lehigh Northwest Marine, LLC
Lehigh Portland Holdings, LLC
Lehigh Portland Investments, LLC
Lehigh Portland New York LLC
Lehigh Realty Company
Lehigh Southwest Cement Company
Lehigh UK Limited
Lehigh White Cement Company
Lucas Coal Company, Inc.
Magnum Minerals, Inc.
Material Service Corporation
Mediterranean Carriers, Inc.
Mineral and Land Resources Corporation
Mission Valley Rock Co.
Newberry Development Associates, LP
Newberry Development Management, LLC
Owatonna Concrete Products, LLC
PCAz Leasing, Inc.
Permanente Cement Company
Piedras y Arenas Baja S.de R.L. de C.V.

Plum Run Lake LLC
Push NA Holdings, Inc.
Randall Ready Mix, LLC
Red Bluff Sand & Gravel L.L.C.
Roberts Concrete Products, Inc.
Seacoast Products, Inc.
Sherman Industries LLC
Sherman-Abetong, Inc.
Shrewsbury Properties LLC
South Coast Materials Company
South Valley Materials, Inc.
Southstar Limited Partnership
Standard Concrete Products, Inc.
SunCrete Rooftile, Inc.
Terrell Materials LLC
Texas Lehigh Cement Company LP
Three Rivers Management, Inc.
Total Limited
Twin City Concrete Products Co.
Two Rivers Cement LLC
Upland Ready Mix Ltd.
Vestur Insurance (Bermuda) Ltd.

**Debtors' Joint Venture Partners**
Hanson Building Materials Limited

**Current and Former Officers and Directors of the Debtors**
Amy C. Yi
Carroll LaGraffe
Charles E. McChesney II
Christopher W. Jensen
David R. Hummel
James K. Kitzmiller
James E. Sims
James L. Wallmann
Jeffrey L. Brummert
Jill M. Blundon
John T. Berry
John M. Hutchinson
Karen M. Mance
Kari S. Saragusa
Kathryn M. Mehta
Louis R. Kala
Marvin E. Howell
Mary Beth McCarthy
Mary D. Wright
Michael H. Hyer
Nelson Ferreira
Robert D. VanBenschoten
Robert S. Markwell
Simon Nicholls
Steven D. Tarantino
Timothy W. McHugh
William H. Venema

**Current Officers and Directors of Lehigh Hanson,
Inc. and HeidelbergCement AG**
Alan Murray
Arnaldo Bertola
Bill Venema
Bob Ross
Chris Ward
Dennis Dolan
Dominik von Achten
Dr. Albert Scheuer
Dr. Bernd Scheifele
Dr. Dominik von Achten
Dr. Jürgen M. Schneider
Dr. Lorenz Näger
Dr. Marion Weissenberger-Eibl
Frank-Dirk Steininger
Fritz-Jürgen Heckmann
Gabriele Kailing
Glenn Heller
Hakan Gurdal
Heinz Schmitt
Henner Böttcher
Ian Cross
Jon Morrish
Josef Heumann
Kari Saragusa
Kevin Gluskie
Ludwig Merckle
R. Van Waldrop
Stephan Wehning
Tobias Merckle
Tom Chizmadia
Werner Schraeder

**Major Current Business Affiliations of Officers
and Directors of the Debtors,**
CHM Holdings LLC
Diaz Wholesale and Manufacturing Co., Inc.

**Equity Holder of Hanson Permanente Cement,
Inc.**
KH 1 Inc.

**Depository and Disbursement Banks**
Bank of America, N.A.

**Debtors' Professionals Identified for Employment
in These Chapter 11 Cases**
Jones Day
NERA Economic Consultants
PricewaterhouseCoopers
Prime Clerk LLC
Rayburn Cooper & Durham, P.A.
The Cook Law Firm

**Proposed Postpetition Lender**
Lehigh Hanson, Inc.

**Major Sureties and Agents**
Fidelity and Deposit Company of Maryland
Lexon Insurance Company
Liberty Mutual Insurance Company
Seaboard Surety Company
Travelers Casualty and Surety Company of America
Zurich American Insurance Company
Marsh USA, Inc.

**Major Parties to Letters of Credit**
Bank of America

**Creditors Holding the Largest Unsecured Claims
(Non-Asbestos)**
Apex Companies, LLC
Armstrong World Industries
Berryessa Light Industrial Center Commercial
    Condominium Association, Inc.
Boeing Corporation
City of Seattle
King County, Washington
Oregon Department of Environmental Quality
Owens Corning
Port of Seattle
Truck Insurance Exchange
US Environmental Protection Agency
Washington Department of Ecology

**Prepetition Ad Hoc Committee of Asbestos
Personal Injury Claimants**
Baron & Budd
Brayton Purcell LLP
Cooney & Conway
Gori Julian & Associates P.C.
Law Offices of Peter Angelos
Simmons Hanly Conroy
Weitz & Luxenberg P.C.

**Professionals to Prepetition Ad Hoc Committee of
Asbestos Personal Injury Claimants**
Charter Oak Financial Consultants, LLC
Caplin & Drysale, Chartered
Gilbert LLP
Legal Analysis Systems, Inc.

**Prepetition Legal Representative for Future
Asbestos Personal Injury Claimants**
Lawrence Fitzpatrick

**Professionals to Prepetition Legal
Representative for Future Asbestos
Personal Injury Claimants**
Young Conaway Stargatt & Taylor, LLP
Analysis, Research and Planning Corporation

**Thirty Asbestos Plaintiff Firms With the Largest
Number Or Scope Of Asbestos Cases Against the
Debtors**
Baron & Budd, P.C.
Belluck & Fox
Brayton Purcell LLP
Brent Coon & Associates
Brookman Rosenberg Brown Sandler
Cappolino Dodd Krebs
Cooney & Conway
Deblase Brown Eyerly LLP
Early, Lucarelli, Sweeney & Meisenhothen
Flint & Associates
G. Patterson Keahey P.C.
Goldenberg Heller & Antognoli, P.C.
Gori Julian & Associates, P.C.
Law Offices of Clifford Cuniff
Law Offices of Dale Bowers
Law Offices of Peter G. Angelos, P.C.
Maune, Raichele, Hartley, French & Mudd, LLC
Napoli Shkolnick PLLC
Paul Reich & Myers, P.C.
Reyes, O'Shea & Coloca, P.A.
Shrader & Associates
Simmons Hanly Conroy LLC
SWMK Law, LLC
The Deaton Law Firm
The Ferraro Law Firm
The Lanier Law Firm
The Nemeroff Law Firm
The Williams Law Firm
Weitz & Luxenberg, P.C.
Wilentz, Goldman & Spitzer

**Parties to Significant Legal Proceedings
(Non-Asbestos)**
Aberle-Scrodin, Inc.
Bay Area Clean Environment, Inc.
Berryessa Development Company LLC
Berryessa Light Industrial Center Commercial
    Condominium Association, Inc.
Borelli Development Company
Cooper Sheet Metal, Inc.
Mitchell J. Portera d/b/a Metro Plumbing
    Quality Glass, Inc.
No Toxic Air, Inc.
San Jose Construction Co., Inc.
Santa Clara County
Santa Clara County Board of Supervisors

Stout Roofing, Inc.

**Parties to Material Contracts and Unexpired
Leases With the Debtors**
Armstrong World Industries, Inc.
Lehigh Hanson, Inc.
Lehigh Southwest Cement Company
Owens Corning Fiberglass Corporation
Three Rivers Management, Inc.
Truck Insurance Exchange

**Insurance Providers and Brokers**
A.I.U. Insurance Company
Allianz Insurance Company
Allianz Risk Consultants
Allianz Underwriters Insurance Company
Allstate Insurance Company
American Guarantee & Liability Insurance Company
American Reinsurance Company
Archer Norris
Armour Risk Management Limited
Associated International Insurance Company
Columbia Casualty Company
Continental Insurance Company
Employers Reinsurance Corporation
Fireman's Fund Insurance Company
First State Insurance Company
Granite State Insurance Company
Great Southwest Fire Insurance Company
Harbor Insurance Company
Highlands Insurance Company
Industrial Indemnity Company
Integrity Insurance Company
International Insurance Company
Landmark Insurance Company
Lexington Insurance Company
Liberty Insurance Corporation
Liberty Mutual Fire Insurance Company
London Guarantee & Accident Co. of New York
London Market Insurers
Midland Insurance Company
Mutual Fire, Marine & Inland Insurance Company
National Casualty Company
National Union
New England Reinsurance Corporation
Northbrook Excess & Surplus Insurance Company
Northbrook Insurance Company
Old Republic Insurance Company
Pine Top Insurance Company
The Home Insurance Company
The Insurance Company of the State of Pennsylvania
The London & Overseas Insurance Company, Ltd.
Transamerica Premier Insurance Company
Transit Casualty Insurance Company
Transport Indemnity Company

Truck Insurance Exchange
Twin City Fire Insurance Co.
Westchester Fire Insurance Companies
Zurich American Insurance Company

**Significant Taxing Authorities and
Permitting/Licensing Authorities, Environmental
Regulatory Agencies and Reclamation Bonding
Entities**
California Department of Conservation
California Department of Fair Employment and
    Housing
California Department of Fish and Wildlife
California Department of Toxic Substances Control
California Environmental Protection Agency
California Environmental Protection Agency -
    California Air Resources Board
California Franchise Tax Board
California Occupational Safety and Health Division -
    Mining & Tunneling Unit
California Office of Mine Reclamation
California Regional Water Quality Control Board –
    Region 2
California State Board of Equalization
Centers for Medicare and Medicaid Services
City of Cupertino Building Department
City of Cupertino Environmental Services
City of Cupertino Planning Department
Midpeninsula Regional Open Space District
Santa Clara County Consumer & Environmental
    Protection Agency
Santa Clara County Department of Environmental
    Health
Santa Clara County Department of Planning and
    Development
Santa Clara County Hazardous Materials Compliance
    Division
Santa Clara County Occupational Safety and
    Environmental Compliance
Santa Clara County Office of the Assessor
U.S. Army Corps of Engineers
U.S. Bureau of Alcohol Tobacco Firearms &
    Explosives
U.S. Environmental Protection Agency - Region IX
U.S. Equal Employment Opportunity Commission
U.S. Fish and Wildlife Service
U.S. Internal Revenue Service
U.S. Mine Safety and Health Administration

**Parties with Potential Environmental-Related
Claims**
Ace Galvanizing, Inc.
Airgas-NorPac, Inc.
Alaska Logistics LLC
Alaska Marine Lines, Inc.

Ameriflight LLC
Ardagh Glass Inc. f/k/a Saint-Gobain Containers Inc.
Armstrong World Industries, Inc.
Art Brass Plating
Ash Grove Cement Company
Ball Corporation
Basin Oil Co., Inc.
Bayer CropScience LP
Birmingham Steel Corporation
Blaser Die Casting Co.
BNSF Railway Company
BNY Mellon N.A. (Trust for Giuseppe and Assunta
    Desimone)
Boyer Towing, Inc.
California Regional Water Quality Control Board
Capital Industries, Inc.
CDL Recycle, LLC
Centerpoint 8801 Marginal LLC
CertainTeed Gypsum Manufacturing, Inc.
Chevron U.S.A. Inc.
Chiyoda International Corporation
City of Seattle
City of Tukwila
ConGlobal Industries, Inc.
Container Corporation
Container Properties LLC
Continental Can
Continental Holdings, Inc.
Crowley Marine Services, Inc.
Crown Beverage Packaging, Inc.
Crown Cork & Seal USA, Inc.
Delta Marine Industries, Inc.
Douglas Management Company
Drummond Lighterage Co.
Duwamish Marine Center
Duwamish Properties, a partnership
Duwamish Shipyard Inc.
Earle M. Jorgensen Company
Ellis Garage, LLC
Emerald Services, Inc.
Evergreen Trails, Inc.
First South Properties, LLC
Fletcher Challenge Investments Overseas Limited
Ford Motor Company
Fox Avenue Building LLC
Frank H. Hopkins Family, LLC and Frederick J.
Hopkins Family, LLC
Gary Merlino Construction Co., Inc.
General Construction Company
General Recycling of Washington, LLC
General Services Administration
Georgia-Pacific LLC
Glacier Northwest, Inc.
Great Western Chemical Company
Halvorsen, Mary Catherine

Harald Hurlen
Herman and Jacqualine Trotsky
Holcim (US), Inc.
Hurlen Logistics LLC
Independent Metals Company, Inc.
Industrial Container Services - WA LLC
Insurance Auto Auctions, Inc.
International Paper Company
James D. Gilmur
Jorgensen Forge Company
Kaiser Cement Corporation
Kelly-Moore Paint Company, Inc.
King County
King Electrical Manufacturing Company
Lafarge North America, Inc.
Latitude Forty-Seven, LLC
Lehigh Northwest Cement Company
Linde Gas North America, LLC
Lipsett Company, LLC
Long Painting Company
Longview Fibre Paper and Packaging, Inc.
Lynden Incorporated
Malarkey, Michael O'Neil
Manson Construction Company
Marcia A. Rodgers Industrial, LLC
Marine Power & Equipment, Inc.
Mark Hansen
McLeod, Dennis & Patricia
Merrill Creek Holdings LLC
MMGL Corp. (Formerly Schnitzer Investment Corp.)
Monsanto Company
MRC Holdings, Inc.
Norcliffe Company
Northland Services, Inc.
Northwest Container Services, Inc.
Oregon Department of Environmental Quality
Owens Corning Fiberglass Corporation
PACCAR, Inc.
Pacific Terminals, Ltd.
Pharmacia LLC (f/k/a Monsanto Company)
Port of Seattle
Praxair, Inc. (Liquid Carbonic Corp.)
PSC, LLC
Puget Sound Coatings
Puget Sound Energy, Inc.
Puget Sound Truck Lines, Inc.
Puget Sound Tug & Barge Co.
R&A Properties, LLC
Rainier Commons LLC
Reichhold, Inc.
RJ & BA LLC
S & JA Hale Family Limited Partnership
S. Michael Rodgers Industrial, LLC
Saint-Gobain Containers, Inc.
Scougal Rubber Corporation

SCS Refrigerated Services, LLC
SeaTac Marine Properties, LLC
Seattle Boiler Works, Inc.
Seattle Iron & Metals Corporation
Shalmar Group LLC, The
Sierra Club
Silver Bay Logging, Inc.
Simco Properties, LLC
Six Fourteen South Logistics LLC
Six Twenty South Logistics LLC
South Park Marina Limited Partnership
Sternco Industrial Properties Partnership
Sternoff Metals Corporation
Swan Bay Holdings, Inc.
The Boeing Company
The Chemithon Corporation
The David J. Joseph Company
U.S. Army Corps of Engineers
U.S. Environmental Protection Agency
Union Pacific Railroad Company
United Iron Works, Inc.
V. Van Dyke, Inc.
Washington State Department of Transportation
Wells Fargo Bank, N.A.
Wells Trucking & Leasing, Inc.
Weyerhaeuser Company

**Bankruptcy Judges for the Western District of
North Carolina**
Laura T. Beyer
Craig Whitley
George Hodges

**Bankruptcy Administrator for the Western
District of North Carolina**
Alexandria Kenny
Ann Dornblazer
David Shepherd
Debbie Brown
Katrina Adams
Linda W. Simpson
Sarah Scholz

**EXHIBIT B**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| KAISER GYPSUM COMPANY, INC., *et al.*,[1] | Case No. 16-31602 (JCW) |
| Debtors. | Jointly Administered |

***EX PARTE* ORDER AUTHORIZING RETENTION AND EMPLOYMENT**
**OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS ATTORNEYS**
**FOR THE FUTURE CLAIMANTS' REPRESENTATIVE**

Upon the application (the "Application") of Lawrence Fitzpatrick, the legal

representative (the "Future Claimants' Representative") for future asbestos claimants (the

"Future Claimants") for the issuance and entry of an order, pursuant to sections 105(a), 524(g)

and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code")

and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

authorizing and approving the retention and employment of Young Conaway Stargatt & Taylor,

LLP ("Young Conaway") as attorneys for the Future Claimants' Representative, effective as of

September 30, 2016; and upon the Declaration of Edwin J. Harron, a partner in Young Conaway

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

(the "Harron Declaration"); and the Court being satisfied that, except as may otherwise be set forth in the Harron Declaration, (i) Young Conaway does not represent any interest adverse to the above-captioned debtors and debtors-in-possession (the "Debtors") or their estates, (ii) Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) the retention and employment of Young Conaway is necessary and would be in the best interests of the Debtors, their estates and creditors as well as in the best interest for the Future Claimants' Representative and of the Future Claimants; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Application is hereby granted and approved; and it is further

ORDERED, that in accordance with sections 105(a), 524(g) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, the Future Claimants' Representative is authorized and empowered to retain and employ Young Conaway as attorneys to represent him in these cases effective as of September 30, 2016; and it is further

ORDERED, that Young Conaway shall be compensated in such amounts as may be allowed by this Court upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals; and it is further

ORDERED, that pursuant to Local Rule 9013-1(f), any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.


This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court