**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| KAISER GYPSUM COMPANY, INC., *et al.*,[1] | Case No. 16-31602 (JCW) |
| Debtors. | Jointly Administered |

**SECOND INTERIM APPLICATION OF YOUNG CONAWAY STARGATT
& TAYLOR, LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONAL SERVICES
RENDERED AS COUNSEL TO LAWRENCE FITZPATRICK, LEGAL
REPRESENTATIVE FOR FUTURE CLAIMANTS FOR THE PERIOD
FROM JANUARY 1, 2017 THROUGH APRIL 30, 2017**

| | |
|---|---|
| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
| Authorized to Provide Professional Services to: | Lawrence Fitzpatrick, Legal Representative for Future Claimants |
| Date of Retention: | October 20, 2016, effective as of September 30, 2016 [Docket No. 125] |
| Period for which compensation and Reimbursement is sought: | January 1, 2017 through April 30, 2017 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $177,075.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,598.11 |
| Total Compensation and Expense Reimbursement Requested: | $179,673.61 |

This is an:    ___ monthly      _x_ interim      ___ final application

This is the second interim fee application filed for compensation of fees and expenses filed by Young Conaway Stargatt & Taylor, LLP.

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

01:21438641.2

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| KAISER GYPSUM COMPANY, INC., *et al.*,[1] | Case No. 16-31602 (JCW) |
| Debtors. | Jointly Administered |

**SECOND INTERIM APPLICATION OF YOUNG CONAWAY STARGATT
& TAYLOR, LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONAL SERVICES
RENDERED AS COUNSEL TO LAWRENCE FITZPATRICK, LEGAL
REPRESENTATIVE FOR FUTURE CLAIMANTS FOR THE PERIOD
FROM JANUARY 1, 2017 THROUGH APRIL 30, 2017**

Young Conaway Stargatt & Taylor, LLP ("YCST" or the "Applicant"), counsel to Lawrence Fitzpatrick, the legal representative for future claimants (the "Future Claimants' Representative" or the "FCR") in the chapter 11 cases commenced by Kaiser Gypsum Company, Inc. ("Kaiser Gypsum" or the "Debtors"), files this Second Interim Application (the "Application") of Young Conaway Stargatt & Taylor, LLP for Allowance of Compensation and Reimbursement of Expenses for Professional Services Rendered as Counsel to Lawrence Fitzpatrick, Legal Representative for Future Claimants for the Period January 1, 2017 through April 30, 2017 (the "Interim Period"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") entered November 7, 2016 [Docket No. 216].

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

01:21438641.2

By this Application, YCST hereby moves this Court for an order awarding the Applicant reasonable compensation for the Interim Period for professional legal services rendered in the amount of $177,075.50 and reimbursement for actual and necessary expenses incurred in the amount of $2,598.11, for a total of $179,673.61 In support of this Application, YCST states as follows:

## BACKGROUND

1. On September 30, 2016 (the "Filing Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. On October 20, 2016, the Court entered the *Ex Parte Order Authorizing Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Attorneys for the Future Claimants' Representative* (the "Retention Order") [Docket No. 125].

4. Pursuant to the Interim Compensation Order, professionals may request monthly compensation and reimbursement. Such requests are to be served on the Notice Parties (as further defined in the Interim Compensation Order, the "Notice Parties") for review. The Interim Compensation Procedures require a fourteen (14) day objection period. Accordingly, if no objection to a professional's request is received within **fourteen (14) days of such request**, the Debtors are authorized to pay 90% of the fees and 100% of the expenses requested. The Interim Compensation Order also requires each retained profession to file, approximately every four (4) months, an application for interim Court approval and allowance pursuant to section 331 of the Bankruptcy Code of 100% of the compensation and reimbursement expenses for the prior four (4) months.

**COMPENSATION RECEIVED DURING INTERIM PERIOD**

5. All services for which the Applicant seeks compensation were performed in connection with YCST's role as counsel to the FCR. During the Interim Period, YCST has or should have received monthly payments from the Debtors pursuant to the Interim Compensation Order as follows:

| Date Submitted | Period Covered | Requested Fees/Expenses | Amount Paid or to be Paid (90% of Fees, 100% of Expenses) | Amount of Holdback Requested |
|---|---|---|---|---|
| 2/20/17 | 1/1/17 – 1/31/17 | Fees: $21,668.50 Expenses: $340.84 | Fees: $19,501.65 Expenses: $340.84 | $2,166.85 |
| 3/20/17 | 2/1/17 – 2/28/17 | Fees: $42,509.00 Expenses: $158.88 | Fees: $38,258.10 Expenses: $158.88 | $4,250.90 |
| 4/19/17 | 3/1/17 – 3/31/17 | Fees: $58,595.50 Expenses: $976.15 | Fees: $52,735.95 Expenses: $976.15 | $5,859.55 |
| 5/19/17 | 4/1/17 – 4/30/17 | Fees: $54,302.50 Expenses: $1,122.24 | Fees: $48,872.25 Expenses: $1,122.24 | $5,430.25 |
| **TOTAL** | | **Fees: $177,075.50 Expenses: $2,598.11** | **Fees: $159,367.95 Expenses: $2,598.11** | **$17,707.55** |

YCST's monthly fee requests were served upon the Notice Parties for review as directed by the Interim Compensation Order. As of the date of this Application, no interested party has objected to any of YCST's monthly fee requests.

**SERVICES RENDERED BY YCST**

6. Attached hereto as **Exhibits A-1 through A-4** are detailed descriptions of the services performed and expenses incurred by YCST during the Interim Period. In summary, YCST expended 321.10 hours in rendering necessary legal services involving this Chapter 11 proceeding for the Interim Period resulting in fees totaling $177,075.50. The time that YCST devoted to these cases during the Interim Period includes time reviewing and analyzing document production related to the UCC's discovery requests. Time was also spent drafting a memo for the FCR regarding corporate history and asbestos litigation. Additional time was

01:21438641.2

3

expended reviewing First State's motion to dismiss the case. YCST also reviewed the various motions for relief from stay filed by First State, Certain Insurers, and Truck, and conferred with the FCR regarding the same.

7. YCST believes that its billing rates for the Interim Period in these cases, which reflect customary billing rates for the year 2017, should be deemed "reasonable billing rates" for the purposes of this Court's determination of the "reasonableness" of the fees for services rendered.

8. The attached **Exhibit B** sets forth YCST's time entries by project categories recommended in the Guidelines for Compensation and Expense Reimbursement of Professionals (the "Compensation Guidelines") adopted by the United States Bankruptcy Court for the Western District of North Carolina.

9. A summary of the professionals and paraprofessional who have rendered services with respect to the Application is attached hereto as **Exhibit C**.

10. Attached hereto as **Exhibit D** is a summary of YCST's prior fee applications.

## DISBURSEMENTS

11. YCST requests reimbursement for its actual and necessary expenses incurred during the Interim Period totaling $2,598.11. Attached hereto as **Exhibit E**, YCST has itemized the costs and expenses that were incurred during the Interim Period.

## NOTICE

12. In accordance with the Interim Compensation Order and agreement of counsel, notice of the Application has been served on the following parties by email and first class mail (collectively, as further defined in the Interim Compensation Order, the "Notice Parties"): (i) the Debtors, c/o Three Rivers Management, Inc., Manor Oak One, Suite 200, 1910 Cochran Road,

01:21438641.2

4

Pittsburgh, PA 15220 (Attn: Charles E. McChesney II, Esq., charles.mcchesney@TRMI.Biz); (ii) Debtors' Counsel, Jones Day, 2727 N. Harwood, Dallas, TX 75201 (Attn: Amanda Suzuki, Esq., asuzuki@jonesday.com); (iii) Lehigh Hanson, Moore & Van Allen PLLC, 100 N. Tryon Street, Suite 4700, Charlotte, NC 28202 (Attn: Ben Hawfield, Esq., benhawfield@mvalaw.com); (iv) the Bankruptcy Administrator, 402 West Trade Street, Suite #200, Charlotte, NC 28202 (Attn: Linda W. Simpson, linda_simpson@ncwba.uscourts.gov); (v) counsel to the Creditors' Committee, Blank Rome, 1201 Market Street, Suite 800, Wilmington, DE 19801 (Attn: Regina Kelbon, Esq., kelbon@blankrome.com); (vi) counsel to the Asbestos Committee, Caplin & Drysdale, Chartered, One Thomas Circle N.W., Suite 1100, Washington, D.C. 20005 (Attn: Kevin Maclay, Esq., kmaclay@capdale.com); and (vii) counsel to the Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801(Attn: Edwin Harron, Esq., eharron@ycst.com). YCST respectfully submits that further notice of this Application is neither required nor necessary.

WHEREFORE, for the reasons set forth herein, YCST respectfully requests: (i) interim allowance of compensation in the amount of $177,075.50 as compensation for professional services rendered and in the amount of $2,598.11 for reimbursement for actual and necessary expenses YCST incurred during the Second Interim Fee Period pursuant to Section 330 of the Bankruptcy Code; (ii) that the allowance of such compensation be without prejudice to YCST's right to seek additional compensation for services rendered and expenses incurred during the

*(Continued on Next Page)*

Second Interim Fee Period that were not processed at the time of this Application; and (iii) that the Court grant such other and further relief as is just and proper.

Dated: May 19, 2017
   Wilmington, Delaware

HULL & CHANDLER, P.A.

*/s/ Felton E. Parrish*
Felton E. Parrish (NC Bar No. 25448)
HULL & CHANDLER, P.A.
1001 Morehead Square Drive, Suite 450
Charlotte, NC 28203
Telephone: 704-375-8488
Facsimile: 704-375-8487
Email: fparrish@lawyercarolina.com

-and-

James L. Patton, Jr. (Delaware Bar No. 2202)
Edwin J. Harron (Delaware Bar No. 3396)
Sharon M. Zieg (Delaware Bar No. 4196)
Sara Beth A.R. Kohut (Delaware Bar No. 4137)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
   eharron @ycst.com
   szieg@ycst.com
   skohut@ycst.com

*Counsel to the Future Claimants' Representative*