# IN THE UNITED STATED BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-31602 (JCW) |
| | ) | |
| **KAISER GYPSUM COMPANY, INC.,** | ) | Chapter 11 |
| **et. al.,** 1 | ) | |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |

## CONDITIONAL OR ALTERNATIVE MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362 TO PURSUE APPEAL OF STATE COURT ACTION

TO THE HONORABLE J. CRAIG WHITLEY, ALL PARTIES OF INTEREST AND TO THEIR ATTORNEYS OF RECORD:

NOW COMES, CHERYL UNTERMANN, as Successor in Interest to Melvin Desin, deceased (hereinafter referred to as "Claimant"), by and through her undersigned counsel, and pursuant to 11 U.S.C. § 362, and Bankruptcy Rules 4001(a) and 9014, hereby CONDITIONALLY moves the above entitled court for an Order lifting or modifying the automatic stay as it relates to Debtor, KAISER GYPSUM COMPANY, INC. (hereinafter "Debtor") to permit Claimant to proceed with and finish an appeal with Debtor, currently pending in the California Court of Appeal, First Appellate District.  The appellate case has been pending since February, 2013, is fully briefed and was ready for oral argument.  However, on April 19, 2018, Claimant filed her Request for Dismissal of Cross-Appeal regarding punitive damages with the Court of Appeal, rendering Debtor's appeal regarding compensatory damages in the matter moot.  A true and correct copy of the Cross Appellant's request for Dismissal of Cross-Appeal in Appellate Case Number A137886 filed by Claimant is hereto attached in the List of Exhibits as Exhibit "A" and incorporated herein by reference.

Claimant seeks this relief only to have the California appellate court rule in the matter, affirming the award of compensatory damages only and remanding the case to the California Superior Court.  Any attempt to obtain a recovery for compensatory damages awarded would be from Debtor's surety bonds, who have a responsibility to indemnify Debtor and/or the affiliates, and a corresponding duty and legal obligation to pay Claimant.

This motion is brought conditionally and need be heard only in the event that the motion to lift the stay filed by Debtors and Asbestos Claimants committees, scheduled for even date herewith, is not granted at this time.  At the hearing of a prior motion for relief from stay brought by this Claimant, on February 15, 2018, denied without prejudice, this Court "invited" claimant to file another motion should there be no relief from stay by or around June, 2018.

Accordingly, should there be no relief from stay granted as to "Asbestos Personal Injury Claims" at the time of this hearing, and because Claimant's situation is unique and she is suffering irreparable harm, Claimant requests the Court grant her immediate relief from stay so she can proceed in the California Court of Appeal and pursue collection of her compensatory damages from the surety bonding companies.

---

1 The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parenthesis):  Kaiser Gypsum company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313).  The Debtors' list their addresses as 300 E. John Carpenter Freeway, Irving, TX 75062.

This motion is brought pursuant to 11 U.S.C. § 362(d)(1) and (2) on the grounds that

permitting the state court action(s) to proceed will not prejudice Debtor or cause it to incur any

significant expense.  If this motion is denied, Claimant will continue to suffer great hardship

because she will not have the opportunity to recover from the surety bond that will be available

for the Debtor's liability.  As the insurance at issue consists of an undertaking or bond under

appeal, and whose proceeds would be payable to third parties like the Claimant, and not the

Debtor, or creditors generally, there will be no prejudice or harm to the Debtor or the Debtor's

estate.  The Debtor does not have an equity interest in the proceeds of the surety bonds.  In

support of this Motion, Claimant respectfully represents as follows:

## BACKGROUND

1.      On September 30, 2016, Debtor filed a Chapter 11 bankruptcy in the Western

District of North Carolina, Charlotte Division and is being jointly administered under case

number 16-31602.  The case is assigned to Honorable J. Craig Whitley.  The matter is still open

and pending.

2.      Melvin Desin filed a lawsuit in the Superior Court of California, County of San

Francisco, for personal injury arising out of exposure to asbestos. The case is as follows:

a)  Melvin Desin vs. Asbestos Corporation Limited., et al., case number CGC-11-

275881, and filed in the Superior Court of California, County of San Francisco, on August 30,

2011. A true and accurate copy of the caption page(s) in Melvin Desin vs. Asbestos Corporation

Limited., et al., case number CGC-11-275881, is hereto attached in the List of Exhibits as

Exhibit "B" and incorporated herein by this reference.

3.      Melvin Desin alleged exposure to asbestos and asbestos-containing products, that

were manufactured, marketed, distributed, sold, and otherwise supplied by Debtor, and for which

exposure has caused and/or contributed to his mesothelioma and other asbestos related lung disease. The case proceeded to trial as against Debtor in September, 2012. A final judgment notwithstanding the verdict was issued on April 4, 2013. Even prior to the entry of the judgment notwithstanding the verdict, Debtor filed a notice of appeal on February 7, 2013, appealing the award of compensatory damages. The jury's award of punitive damages was vacated by the trial court in its judgment notwithstanding the verdict. A true and correct copy of the Notice of Appeal in Appellate Case Number A137886 is hereto attached in the List of Exhibits as Exhibit "C" and incorporated herein by reference. A Cross-Appeal was also filed by attorneys for Melvin Desin on June 14, 2013. A true and correct copy of the Notice of Appeal in Appellate Case Number A137886 filed by Melvin Desin is hereto attached in the List of Exhibits as Exhibit "D" and incorporated herein by reference. In the meantime, in April, 2013, Melvin Desin passed away due to his asbestos-related mesothelioma, and Cheryl Untermann became the successor in interest. As far as the Appellate case is concerned, the issues have been fully briefed by the parties in 2016, and oral argument has been requested, in August, 2016. Shortly thereafter, Debtor filed this petition for relief under the Bankruptcy Code on September 30, 2016.

On February 15, 2018, Claimant's prior motion for relief from stay was denied by the court, without prejudice. At that time, this Court, noting the merits of Claimants motion, "invited" Claimant to file a follow-up motion for relief if significant progress was not made or the stay had not been lifted generally by or around June 2018. Since that time, Debtors and asbestos claimants have jointly filed a motion for relief from stay as to Asbestos Personal Injury Claims. A preliminary hearing was held on this motion on May 10, 2018 and a final hearing is scheduled for June 14, 2018.

4

If the stay is lifted as to Asbestos Personal Injury Claims on June 14, 2018, Claimant Untermann's motion may be considered moot and off calendar.

4.        These Claimants have not filed a Proof of Claim in Debtor's bankruptcy.

## **RELIEF REQUESTED AND BASIS THEREFORE**

5.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).  The statutory predicate for the relief sought herein is § 362(d) of the Bankruptcy Code.

6.        Claimant desires to establish the liability of Debtor with regards to the compensatory damages only, in order to seek recovery against the proceeds of the undertakings on appeal filed with the state court and available as a surety for Debtor for the pending appeal, and Claimant will not seek to enforce recovery against Debtor, property of Debtor, or property of the bankruptcy estate.  Claimant has requested dismissal of her cross-appeal regarding the issue of her claim for punitive damages.  Dismissal of the cross-appeal renders Debtor's appeal regarding compensatory damages moot.[1]

7.        Section 524(e) of the Bankruptcy Code prevents any discharge of a debtor from affecting the liability of any other entity for the debt.  Accordingly, "the protection from liability

---

[1].  Debtor has expressly represented to the Court of Appeal that should the judgment of the trial court vacating punitive damages be upheld, the appellate court will not have to reach the issue of compensatory damages, and that award may be upheld.

> "Unless this court accepts plaintiff's challenge to the operative judgment, the court need not reach any of the issues Kaiser Gypsum asserts in its appeal. (See *Gonzales v. R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 803-804, 806, 812 [authorizing conditional appeals].")
> (Debtor's Opening Brief, pg 2)

afforded the debtor under the Code does not affect the liability of the debtor's insurers" and

claimant can therefore "proceed with tort claims against the debtor for the purpose of collecting

from the debtor's liability insurer." <u>First Fidelity Bank v. McAteer</u>, 985 F.2d 114, 118 (3d Cir.

1993).  Allowing Claimant to establish liability in this appeal and collect against the surety bond

will have no negative effect on other creditors or the administration of the case, and will not

diminish the Debtor's estate.  The bonds purchased by Debtor only secure the appeal in Appellate

Case Number A137886, and is not insuring other claims, generally.

8.      Claimant respectfully requests that this Court enter an order pursuant to § 362(d)

of the Bankruptcy Code, that modifies the automatic stay set forth in § 362(d) of the Bankruptcy

Code, to allow Claimant relief for the limited purpose of establishing the extent of Debtor's

liability for compensatory damages, and to complete the present case on appeal.  Claimant will

only pursue recovery against the surety bonds purchased by Debtor that secure the appeal

regarding compensatory damages.

9.      The automatic stay set forth in § 362(a) of the Bankruptcy Code provides that the

filing of a bankruptcy petition operates as a stay of the "commencement or continuation ... of a

judicial, administrative, or other action or proceeding against the debtor ... or to recover a claim

against the debtor that arose before the commencement of the [bankruptcy] case."  11 U.S.C.

§ 362(a).  The prohibition embodied in § 362(a) is not meant to be indefinite or absolute,

however, and this Court has the power to grant relief from the automatic stay in the appropriate

circumstances for sufficient "cause" shown under § 362(d).  <u>See</u> <u>In re Rexene Products Co.</u>, 141

B.R. 574, 576 (Bank. D. Del. 1992); <u>see also</u> <u>In re Sonnax Indus.</u>, 907 F.2d 1280, 1286 (2d Cir.

1990).  Such appropriate circumstances that warrant relief from the automatic stay clearly are

present in this case.

10.    Because the Bankruptcy Code does not define "cause," courts must determine

which constitutes cause on a case-by-case basis.  See Rexene, 141 B.R. at 576 (citing Matter of

Fernstrom Storage and Van Co., 938 F.2d 731, 735 (7th Cir. 1991)).  In deciding whether to

grant a party relief from the automatic stay to proceed with litigation in another forum, this court

applies a three-part balancing test:

> 1.    whether allowing the litigation to continue in another forum will result in
>        any great prejudice to the debtor;
>
> 2.    whether maintaining the stay will cause any hardship to the non-bankrupt
>        party and whether this hardship is greater than the resulting prejudice to
>        the debtor; and
>
> 3.    whether the non-bankrupt party has a probability of prevailing on the
>        merits of the litigation.

See Rexene, 141 B.R. at 576 (citing Fernstrom, 938 F.2d at 735).  The party seeking relief from

the stay has the initial burden to establish a *prima facie* case that the party is entitled to such

relief, which must then be rebutted by the opposing party.  Id. at 577; see also In re Pursuit

Athletic Footwear, Inc., 193 B.R. 713, 719 (Bank. D. Del. 1996).  Applying the balancing test

adopted by the Rexene court to this present case, the factors weigh heavily in favor of granting

Claimant the relief requested herein.

## LACK OF PREJUDICE AGAINST THE DEBTOR

11.    Debtor's estate will not suffer any prejudice if Claimant is permitted to proceed

with the limited purpose of establishing liability of Debtor for compensatory damages for

7

asbestos related personal injury claims, and for recovery against available insurance proceeds.

The purpose of the automatic stay is to enable the Bankruptcy Court:

> [t]o prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assess due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.

See Rexene, 141 B.R. at 576 (citing Burman v. Raymark Ind., Inc., 946 F.2d 1031, 1036 (3d Cir. 1991), quoting St. Croix Condominium Owners v. St. Croix Hotel, 682 F.2d 446, 448 (3d Cir. 1982)).  The automatic stay is intended to prevent a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts."  See In re Holtkamp, 669 F.2d 505, 508 (7th Cir. 1982).  Allowing Claimant relief from the stay to pursue the completion of the pending appeal in Appellate Case Number A137886 will not result in any "chaotic or uncontrolled scramble" for the assets of the estate.  In fact, allowing Claimants to pursue the appeal to completion will not affect Debtor's estate at all.  Based upon the opinion of the California Appellate Court, Claimant will only seek recovery against the surety bonds purchased to secure the appeal and which will cover compensatory damage claims.  Claimant is not attempting to gain an unfair advantage over Debtor's other creditors, nor is Claimant attempting to collect outside of this case on claims with respect to Debtor.  Rather, Claimant only wishes to liquidate her claim against Debtor to the extent that it is covered by the surety bonds purchased by Debtor to secure the appeal with respect to compensatory damages only.

12.    Debtor will not be prejudiced if the Claimant is permitted to proceed because Debtor's assets will continue to be subject to the jurisdiction and administration of the Bankruptcy Court.  A single factor, such as the desire to permit an action to proceed in another

tribunal, or a lack of any connection or interference with the pending bankruptcy case, has been

held to establish sufficient cause.  See Rexene, 141 B.R. at 576 (citing H.R. Rep. No. 95-595,

95th Cong., 1st Sess., 343-344 (1977)).  Because pursuing any personal injury claims against

insurance proceeds is "neither connected with nor interfering with the bankruptcy proceeding,"

preventing the Claimants from pursuing such claims, would in no way promote the policy

embodied in the automatic stay provisions of the Bankruptcy Code.  See Holtkamp, 669 F.2d at

508.

## LIKELIHOOD OF PREJUDICE TO CLAIMANT

13.     Claimant likely will continue to suffer significant hardship if the automatic stay is

not lifted, as she may have no other means of recovery against Debtor.  The basis of Claimant's

claim is the tortious conduct of Debtor, contributing to the causation of asbestos-related

mesothelioma, and other asbestos related lung disease suffered by Melvin Desin.  Mr. Desin's

case against Debtor, among other defendants, began nearly 6 years ago, as Melvin Desin vs.

Asbestos Corporation Limited., et al., case number CGC-11-275881, was filed in the Superior

Court of California, County of San Francisco, on August 30, 2011.  Claimant and their attorneys

put forth substantial time and effort in proceeding to trial in the case.  The trial resulted in a

monetary award in favor of Claimant for compensatory damages, as well as an award for punitive

damages.  The trial court, however, entered its judgment notwithstanding the verdict, vacating

the award of punitive damages.  Thereafter, Claimant and their attorneys put forth additional

efforts in proceeding with the present appeal, which has been pending since February, 2013.  As

previously stated, both parties have fully briefed the issues and requested oral argument, when

the appeal was stayed by the present bankruptcy.  Claimant should be allowed to proceed with

and complete the appeal by Debtor of the judgment awarding Claimant compensatory damages in

Appellate Case Number A137886 immediately, as the ability to pursue the appeal and collect all

available damages is being diminished as time passes.[2]   These hardships considerably outweigh

any possible prejudice Debtor may suffer if there is any recovery paid by the bonds specifically

purchased as a surety for the appeal.  As stated above, Claimant has dismissed her cross-appeal

on the judgment on the issue of punitive damages.


## PROBABILITY OF SUCCESS ON THE MERITS

14.     The showing required as to the probability of prevailing on the merits for

establishing a *prima facie* case is very slight for the purposes of the Court's balancing test.  See

Rexene, 141 B.R. at 578 (citing In re Peterson, 116 B.R. 247, 249 (D. Colo. 1990)).  "[A]ll that is

required is a 'vague initial showing' that [the party seeking relief] can establish a prima facie

case." Peterson, 116 B.R. at 249.  So slight is the proof required to satisfy the third prong of the

analysis that some courts have dispensed with the requirement altogether.  Id.  Although this

requirement is often considered minimal, Claimant in this matter will certainly prevail if the

requested relief is granted, since the appeal regarding punitive damages has been dismissed and

Debtor's appeal rendered moot.  As set forth above, Debtor has expressly represented to the

Court of Appeal that should the judgment of the trial court vacating punitive damages be upheld,

the appellate court will not have to reach the issue of compensatory damages, and that award may

be upheld.

---

[2]  Interest on the judgment is accruing at the rate of 10% per annum.  The total amount of the judgment
including accrued interest to date has already surpassed the total amount of the undertakings posted in the state
action.  The amount of the judgment, including interest, has now exceeded the amount of the surety bonds.

> "Unless this court accepts plaintiff's challenge to the operative judgment, the
> court need not reach any of the issues Kaiser Gypsum asserts in its appeal. (See
> *Gonzales v. R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 803-804, 806, 812
> [authorizing conditional appeals].")
> (Debtor's Opening Brief, pg 2)

Debtor's appeal, therefore, specifically being a "conditional appeal", should not be

considered by the Court of Appeal since Claimant has dismissed her own appeal regarding

punitive damages, and the judgment awarding compensatory damages will be affirmed.

Claimant should be allowed to be paid by the insurance companies, pursuant to the undertakings

filed with the trial court, and their obligations to pay Claimant on these bonds specifically related

to this case and this Claimant only, and not payable to Debtor or any other creditors.


## CONCLUSION

15.      WHEREFORE, and in the event that the motion for relief jointly filed by Debtors

and Asbestos Claimants is not granted at the time of this motion, Claimant respectfully requests

this Court issue an Order lifting or modifying the automatic stay to allow claimant the limited

purpose of completing the appeal in case number A137886, which will establish the liability of

Debtor with regards to the compensatory damages only as awarded by the trial court, and to

allow Claimant to seek recovery against the proceeds of the appeal bond that was purchased and

available as a surety for Debtor for the pending appeal.  Claimant will not seek to enforce

recovery against Debtor, property of Debtor, or property of the bankruptcy estate.  As set forth

herein, if this motion for relief from stay is granted, Claimant will proceed in the California

Court of Appeal on the issue of compensatory damages only, having dismissed her appeal

regarding punitive damages.

11

Furthermore, no cause exists to delay the enforcement and implementation of the relief requested and therefore, Bankruptcy Rule 4001(a)(3) should be waived.

Dated:   May 14, 2018                         Respectfully submitted,

/s/  William M. Graham
William M. Graham (NC SBN 17972)
Wallace & Graham
525 N. Main Street
Salisbury, NC 28144
Telephone:  (704)633-5244
Email:  bgraham@wallacegraham.com

/s/ Richard M. Grant
Richard M. Grant (CA SBN 55677)
Pro Hac Vice
Brayton<>Purcell, LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
Telephone:  (415)898-1555
Facsimile:  (415) 898-1247
Email:  RGrant@braytonlaw.com

# EXHIBIT A

CASE NO. A137886

**IN THE COURT OF APPEAL**

**THE STATE OF CALIFORNIA**

**FIRST APPELLATE DISTRICT**

**DIVISION FOUR**

CHERYL UNTERMANN, as successor-in-interest to
MELVIN DESIN, deceased,

    Plaintiff, Respondent and Cross Appellant,

vs.

KAISER GYPSUM COMPANY, INC.,

    Defendant, Appellant and Cross Respondent.

---

Appeal from the Judgment of the Superior Court of
San Francisco County, CGC-11-275881,
Honorable Suzanne Ramos Bolanos, Judge Presiding

---

**CROSS APPELLANT'S REQUEST FOR DISMISSAL OF CROSS-APPEAL**

---

BRAYTON❖PURCELL LLP
222 Rush Landing Road
Novato, California 94948
Telephone: (415) 898-1555
Attorneys for Plaintiff, Respondent and
Cross Appellant
CHERYL UNTERMANN, et al.
Gary L. Brayton (S.B. #73601)
Richard M. Grant (S.B. #55677)

Received by First District Court of Appeal

## CROSS APPELLANT'S REQUEST FOR
## DISMISSAL OF CROSS-APPEAL

The undersigned cross-appellant hereby requests that the cross-appeal

filed on June 13, 2013, in the above entitled action be dismissed.

Dated:  April 19, 2018                     Respectfully submitted,


By:   /s/ Richard M. Grant
          Richard M. Grant (CA S.B. #55677)
          Attorneys for
          Plaintiff/Respondent/Cross Appellant

*Cheryl Untermann, et al. v. Kaiser Gypsum Company, Inc.*
1st Appellate District, Division 4, Case No. A137886

## PROOF OF SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California 94948-6169.

On April 19, 2018, I served the following document(s) described as:

REQUEST FOR DISMISSAL OF APPEAL

on the interested party(ies) in this action by utilizing the TrueFiling E-service program to transmit a true copy thereof to the following party(ies) as follows:

Kaiser Gypsum Company, Inc.
Horvitz & Levy LLP
Dean Bochner, Esq.
15760 Ventura Blvd., 18th Floor
Encino, CA 91436-3000

Kaiser Gypsum Company, Inc.
DeHay & Elliston LLP
Jennifer Judin, Esq.
1111 Broadway, Suite 1950
Oakland, CA 94607-4072

VIA U.S. MAIL ONLY TO:

Hon. Suzanne Ramos Bolanos
San Francisco Superior Court
400 McAllister Street, Dept. 504
San Francisco, CA 94102

I am readily familiar with this office's practice of collection and processing correspondence for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Novato, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed April 19, 2018, at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Shawna Mahoney_
Shawna Mahoney

# EXHIBIT B

1 | DAVID R. DONADIO, ESQ., S.B. #154436
JOHN B. GOLDSTEIN, ESQ., S.B. #198188
2 | BRAYTON❖PURCELL LLP
Attorneys at Law
3 | 222 Rush Landing Road
P.O. Box 6169
4 | Novato, California 94948-6169
(415) 898-1555
5 |
Attorneys for Plaintiff
6 |
7 |
8 |

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

AUG 3 0 2011

CLERK OF THE COURT
DENNIS TOYAMA
Deputy Clerk

ASBESTOS
CASE MANAGEMENT CONFERENCE BY: _____

AUG 1 6 2012 1:30 PM

DEPARTMENT   220

**SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SAN FRANCISCO**

10 |

11 | MELVIN DESIN,                          )   ASBESTOS
12 |              Plaintiff,               )   No. C G C - 1 1 - 2 7 5 8 8 1
13 | vs.                                   )
                                          )   COMPLAINT FOR PERSONAL INJURY -
14 | ASBESTOS CORPORATION LIMITED;         )   ASBESTOS
   | Defendants as Reflected on Exhibit 1 )
15 | attached to the Summary Complaint     )
   | herein; and DOES 1-8500.             )
16 |

17 |         1.     Plaintiff MELVIN DESIN was born January 9, 1934.

18 |         2.     The ©Brayton❖Purcell Master Complaint for Personal Injury [and Loss of

19 | Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

20 | Francisco Superior Court. A copy of the Master Complaint and General Order No. 55 may be

21 | obtained upon request from Brayton❖Purcell, and designated portions of the Master Complaint

22 | are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

23 | Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

24 | ///

25 | ///

26 | ///       **THIS CASE IS SUBJECT TO**
             **MANDATORY ELECTRONIC FILING**
27 |          **PURSUANT TO AMENDED G.O. 158**

28 |

*Left margin vertical text:* BRAYTON❖PURCELL LLP / ATTORNEYS AT LAW / 222 RUSH LANDING ROAD / P O BOX 6169 / NOVATO, CALIFORNIA 94948-6169 / (415) 898-1555

K:\Injured\116116\PLD\cmp-pipMel-Kent.wpd

1

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT C

1  JENNIFER JUDIN (SBN 256973)
   jjudin@dehay.com
2  JULIE A. TORRES (SBN 080752)
   jtorres@dehay.com
3  DEHAY & ELLISTON LLP
   1111 Broadway, Suite 1950
4  Oakland, California 94607
   Telephone: (510) 285-0750
5  Facsimile: (510) 285-0740

6  Attorneys for Defendant
   KAISER GYPSUM COMPANY, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF SAN FRANCISCO

10

11  MELVIN DESIN,                        | CASE No. CGC-11-275881

12            Plaintiff,                 | NOTICE OF APPEAL (C.C.P. 904.1(a)(1);
                                         | C.C.P. 904.1(a)(2); C.C.P. 904.1(a)(4))
13        vs.
                                         | Dept.:   602
14  ASBESTOS CORPORATION LIMITED, et al.,
                                         | Assigned to Hon. Hon. Suzanne Ramos Bolanos,
15            Defendants.                | Dept. 602

16                                       | Action Filed:        August 30, 2011
17                                       | Trial Date:          August 20, 2012

18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE THAT Defendant KAISER GYPSUM COMPANY, INC. appeals to

21  the Court of Appeal of the State of California, First Appellate District, from the "judgment" entered

22  by this court on November 9, 2012, from the December 28, 2012 final judgment, and from all orders

23  made after judgment, including denial of judgment notwithstanding the verdict. The November 9,

24  2012 "judgment" was not a final appealable judgment because it was entered before this court had

25  determined the settlement offsets necessary for calculation of the damages owed. The December 28,

26  2012 judgment is the one final judgment. Nevertheless, KAISER GYPSUM includes the premature

27  November 9 "judgment" in this notice of appeal to preserve all appellate rights.

28        This notice of appeal does not affect this court's jurisdiction to order a new trial or judgment

1  nowithstanding the verdict, or to file its specification of reasons for granting a partial new trial.  (See

2  *Varian Med. Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 191; *Foggy v. Ralph F. Clark &*

3  *Associates, Inc.*(1987) 192 Cal.App.3d 1204, 1212-1213.)

4

5  February 7, 2013                                    **DEHAY & ELLISTON LLP**

6

7                                                  By:

8                                                       Jennifer Judin
                                                         Attorneys for Defendant
9                                                    **KAISER GYPSUM COMPANY, INC.**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
*Melvin Desin v. Asbestos Corporation Limited, et al.*
San Francisco County Superior Court Case Number: CGC-11-275881

I, Adrianne Harrington Mooney, declare:

I am a citizen of the United States and employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, Suite 1950, Oakland, California 94607. On the date shown below, I served a copy of the within document(s):

**NOTICE OF APPEAL (C.C.P. 904.1(a)(1); C.C.P. 904.1(a)(2); C.C.P. 904.1(a)(4))**

☒ By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider, at www.fileandserve.lexisnexis.com pursuant to the Court's June 1, 2007 Order mandating electronic service. *See* Cal. R. Ct. R. 2053, 2055, 2060. The transmission was reported as complete and without error.

**TO ALL INTERESTED PARTIES TO THIS ACTION DESIGNATED ON THE TRANSACTION RECEIPT LOCATED ON THE LEXIS NEXIS FILE & SERVE WEBSITE.**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 7, 2013, at Oakland, California.

Adrianne Harrington Mooney

1.

PROOF OF SERVICE

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KAISER GYPSUM COMPANY, INC., *et al.*,[1] | : | Case No. 16-31602 (JCW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

| | | |
|---|---|---|
| KAISER GYPSUM COMPANY, INC., and | : | |
| HANSON PERMANENTE CEMENT, INC | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adv. Pro. No. 16-03313 (JCW) |
| | : | |
| THOSE PARTIES LISTED ON | : | |
| APPENDIX A TO COMPLAINT and JOHN | : | |
| and JANE DOES 1-1000, | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF SERVICE

I, Gerhald R. Pasabangi, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the notice, claims and solicitation agent for the Debtors in the above-captioned chapter 11 cases.

On May 7, 2018, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served by the method set forth on (1) the Master Service List attached hereto as **Exhibit A** and (2) the Notice Parties Service List attached hereto as **Exhibit B**:

- Consolidated Reply of Debtors in Support of Joint Lift Stay Motion. Hearing Scheduled for 5/10/2018 at 9:30 a.m. (ET) [Docket No. 922; Adv. Pro. Docket No. 32]

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313) (together, the "Debtors"). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

Dated: May 10, 2018

Gerhald R. Pasabangi

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on May 10, 2018, by Gerhald R. Pasabangi, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:

PAUL PULLO
Notary Public, State of New York
No. 01PU6231078
Qualified in Nassau County
Commission Expires Nov. 15, 20___

2.

SRF 24521

# EXHIBIT D

**APP-002**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>RICHARD M. GRANT, ESQ., S.B. #55677<br>BRAYTON PURCELL LLP<br>222 Rush Landing Road<br>Novato, CA 94948-6169<br>TELEPHONE NO.: 415-898-1555 FAX NO. *(Optional)*: 415-898-1247<br>E-MAIL ADDRESS *(Optional)*: rgrant@braytonlaw.com<br>ATTORNEY FOR *(Name):* Melvin Desin | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**FILED**<br>Superior Court of California,<br>County of San Francisco<br>**JUN 04 2013**<br>Clerk of the Court<br>BY: MELISSA DONG<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: MELVIN DESIN

DEFENDANT/RESPONDENT: KAISER GYPSUM COMPANY, INC.

| NOTICE OF APPEAL ☑ CROSS-APPEAL<br>(UNLIMITED CIVIL CASE) | CASE NUMBER:<br>CGC-11-275881 |
|---|---|

**Notice:** Please read *Information on Appeal Procedures for Unlimited Civil Cases (Judicial Council form APP-001)* before completing this form. This form must be filed in the superior court, not in the Court of Appeal.

1. NOTICE IS HEREBY GIVEN that *(name):* Melvin Desin
   appeals from the following judgment or order in this case, which was entered on *(date):* April 5, 2013
   - ☑ Judgment after jury trial   Judgment Notwithstanding the Verdict
   - ☐ Judgment after court trial
   - ☐ Default judgment
   - ☐ Judgment after an order granting a summary judgment motion
   - ☐ Judgment of dismissal under Code of Civil Procedure sections 581d, 583.250, 583.360, or 583.430
   - ☐ Judgment of dismissal after an order sustaining a demurrer
   - ☑ An order after judgment under Code of Civil Procedure section 904.1(a)(2)   Order Denying Expert Costs
   - ☐ An order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13)
   - ☑ Other *(describe and specify code section that authorizes this appeal):*
     Order, in the Alternative, Granting New Trial C.C.P. Section 904.1(a)(4)

2. For cross-appeals only:
   a. Date notice of appeal was filed in original appeal: February 7, 2013
   b. Date superior court clerk mailed notice of original appeal: February 15, 2013
   c. Court of Appeal case number *(if known):* A137886

Date: June 3, 2012

Richard M. Grant
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. July 1, 2010]

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
(Appellate)

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

APP-002

| CASE NAME: | CASE NUMBER: |
|---|---|
| Melvin Desin v. Kaiser Gypsum Company, Inc. | CGC-11-275881 |

NOTICE TO PARTIES: A copy of this document must be mailed or personally delivered to the other party or parties to this appeal. A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF. A person who is at least 18 years old and is not a party to this appeal must complete the information below and mail (by first-class mail, postage prepaid) or personally deliver the front and back of this document. When the front and back of this document have been completed and a copy mailed or personally delivered, the original may then be filed with the court.

## PROOF OF SERVICE
☑ Mail     ☐ Personal Service

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify):*

   222 Rush Landing Road, Novato, CA  94948-6169

3. I mailed or personally delivered a copy of the *Notice of Appeal/Cross-Appeal (Unlimited Civil Case)* as follows *(complete either a or b):*

   a. ☑ **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope **and**

         (a) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

         (b) ☑ placed the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served:  Jennifer Judin, Esq. (SB #256973)

         (b) Address on envelope:

            DeHay & Elliston LLP, 1111 Broadway, Suite 1950
            Oakland, CA 94607

         (c) Date of mailing:  6/3/2013

         (d) Place of mailing *(city and state):* Novato, CA

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:

      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  6/4/2013

Diane I. Davidowski

(TYPE OR PRINT NAME)                          ▶                          (SIGNATURE OF DECLARANT)