**United States Bankruptcy Court**
**Western District of North Carolina**

**MONTHLY STATUS REPORT**

IN RE:  KAISER GYPSUM COMPANY, INC.

CASE NO:  16-31602

**Reporting Period:**

FROM:    5/1/2019

TO:    5/31/2019

I certify under penalty of perjury that the information contained in the attached Monthly Status Report consisting of 17 pages (including exhibits and attachments) is true and correct to the best of my knowledge and belief.

Dated:  6-20-19

Debtor Representative

I certify that I have reviewed the information contained in the attached Monthly Status Report consisting of 17 pages and based on my knowledge of this case and the debtor's financial and business affairs, this Monthly Status Report is accurate, complete, and does not contain any misrepresentation of which I am aware.  I further certify that this report has been served on all parties as required by law or court order.

Dated:  6-20-19

Attorney for Debtor    REVIEWED BUT NOT VERIFIED

**NARRATIVE ON PROGRESS OF CASE:**

On September 30, 2016, Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. (together, the "Debtors") each commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Bankruptcy Court held a first day hearing on October 4, 2016 at which it considered the Debtors' first day motions, including the Debtors' motion for interim approval of debtor in possession financing. The court granted all the Debtors' first day motions.

On October 14, 2016, the court entered an order appointing the official committee of unsecured creditors (the "UCC") (Docket No. 84). On October 19, 2016, the court entered an order appointing Lawrence Fitzpatrick as the legal representative for future asbestos claimants (Docket No. 99) (the "FCR") and entered an order appointing the official committee of asbestos personal injury claimants (the "ACC") (Docket No. 100).

The Debtors filed their schedules and statements of financial affairs on November 23, 2016. The section 341 meeting was held on November 9 and November 29, 2016. The Debtors' exclusive period to file a plan of reorganization expired on March 30, 2018, and the Debtors' exclusive period to solicit acceptances to the plan expired on May 30, 2018. On April 13, 2018, Truck Insurance Exchange ("Truck") filed a plan of reorganization (Docket No. 887) (the "Truck Plan") and, subsequently, filed a plan supplement (Docket No. 890), a disclosure statement regarding the Truck Plan (Docket No. 891) and a motion for an order approving the disclosure statement for the Truck Plan and related relief (Docket No. 892) (collectively, the "Truck Plan Documents"). Debtors, Lehigh Hanson, Inc., the Asbestos Claimants Committee ("ACC") and the Future Claimants Representative ("FCR") jointly filed a plan of reorganization (Docket No. 1085) on July 27, 2018 (the "Joint Plan") and, subsequently, filed a disclosure statement regarding the Joint Plan (Docket No. 1152), a motion for an order approving the disclosure statement for the Joint Plan and related relief (Docket No. 1153), as well as certain exhibits to the disclosure statement for the Joint Plan (Docket No. 1256) (collectively, the "Joint Plan Documents"). Certain of the Truck Plan Documents and certain of the Joint Plan Documents have been amended and supplemented from time to time. The Court held a hearing to consider the Debtors' and Truck's motions to approve each of their disclosure statements on June 13, 2019. The Court has indicated it will rule on both motions on July 18, 2019.

On April 6, 2018, the Debtors, the ACC and the FCR filed a joint motion seeking to lift the automatic stay to permit asbestos personal injury claimants to pursue their claims against the Debtors in the tort system, subject to certain conditions (Docket No. 881) (the "Lift Stay Motion"). On May 10, 2018, the Court held a preliminary hearing on the Lift Stay Motion. A final hearing on the Lift Stay Motion was held on July 31, 2018. On August 9, 2018, the Court entered an order, effective as of October 29, 2018, granting the Lift Stay Motion (Docket No. 1108).

The Debtors have reached settlements of their primary environmental liabilities, certain of which remain subject to the approval of the Bankruptcy Court. In particular, the Debtors have executed a settlement agreement with the United States, on behalf of the Environmental Protection Agency and the United States Department of Interior, acting through the U.S. Fish and Wildlife Service, and the United States Department of Commerce, acting through the National Oceanic and Atmospheric Administration, under which the Debtors would  liquidate and pay in full an allowed general unsecured claim in an agreed amount. This settlement remains subject to Bankruptcy Court approval. On April 18, 2019 the Bankruptcy Court entered orders approving settlements with four potentially responsible parties who filed proofs of claim seeking recovery of past response costs incurred with respect to the Lower Duwamish Waterway, resolving each such party's claims filed against the Debtors. On May 7, 2019, the Bankruptcy Court entered an order approving the Debtors' settlement with the State of Oregon, by and through the Oregon Department of Environmental Quality, resolving its claims filed against the Debtors (the "ODEQ Order"). In addition, the Debtors have reached agreements in principle with certain insurers to resolve the Debtors' claims for environmental insurance coverage against such insurers.  Each settlement is contingent on the execution of a mutually acceptable settlement agreement. The Debtors intend to file motions seeking Bankruptcy Court approval of the agreements pursuant to Bankruptcy Rule 9019 and schedule the motions for a hearing prior to or at the confirmation hearing.

Finally, the Debtors have obtained Bankruptcy Court approval of settlements with each of Owens Corning Fiberglas Corporation ("OC") (Docket No. 1558) and Armstrong World Industries ("AWI") (Docket No. 1556). These settlements became effective upon the entry of the ODEQ Order and have resulted in, among other things, the withdrawal of the proofs of claim filed by OC and AWI against the Debtors.

## CASH RECEIPTS AND DISBURSEMENTS

**BEGINNING CASH POSITION** is the same figure as the **ENDING CASH POSITION** of prior month.

**BEGINNING CASH POSITION**

DATE:      5/1/2019                    AMOUNT:      $396,682.41

| CASH RECEIPTS | AMOUNT | CASH DISBURSEMENTS | AMOUNT |
|---|---|---|---|
| Description | | Description | |
| Transfer from Hanson Permanente Cement, Inc. (1) | $0.00 | Inventory | $0.00 |
| Prepetion professional retainer balances refunded to Debtor | $0.00 | Salaries/Wages | $0.00 |
| Cash returned by a bankruptcy professional as a result of an overpayment of fees in a prior month. | $0.00 | Taxes (Total) | $0.00 |
| Other (2) | $1,000,478.05 | Insurance (Total) | $0.00 |
| | | Unsecured Loan Payments | $0.00 |
| | | Utilities (Total) | $0.00 |
| | | Rent | $0.00 |
| | | Professional Fee | $535,717.28 |
| | | Maintenance/Repair | $0.00 |
| | | OTHER DISBURSEMENTS  (List) | $0.00 |
| | | Bank Fee | $554.36 |
| | | US Bankruptcy Administrator Fees | $0.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL CASH RECEIPTS | $1,000,478.05 | TOTAL DISBURSEMENTS | $536,271.64 |

**ENDING CASH POSITION (3)**

DATE:      5/31/2019                    AMOUNT:      $860,888.82

1.) There were no amounts transferred from Hanson Permanente Cement, Inc.'s bank account and recorded as an intercompany payable due to Hanson Permanente Cement, Inc during May.
2.) Includes $1,000,000.00 of settlement funds received from Armstrong World Industries and a dividend credit of $478.05.
3.) Includes funds in Kaiser Gypsum's bank account and investment account.

## PAYMENTS TO SECURED CREDITORS

_____ No Secured Debt

_____X_____ No Secured Debt Payments Made During Reporting Period

_____ All Secured Debt Payments Made During Reporting Period Are Listed Below:

| CREDITOR | COLLATERAL | DATE OF PAYMENT | AMOUNT |
|----------|------------|-----------------|--------|
| None | | | $0.00 |
| | | | |
| | | | |
| | | | |
| | | TOTAL | $0.00 |

## PAYMENTS ON PRE-PETITION DEBT

_____X_____ No payments have been made on pre-petition unsecured debt during the reporting period.

_____ All payments made on pre-petition unsecured debt during reporting period are listed below:

| CREDITOR | COLLATERAL | DATE OF PAYMENT | AMOUNT |
|----------|------------|-----------------|--------|
| None | | | $0.00 |
| | | | |
| | | | |
| | | TOTAL | $0.00 |

## BANK ACCOUNTS

> **ALL BANK STATEMENTS MUST BE ATTACHED**
>
> **FOR EACH ACCOUNT.  PLEASE REPRODUCE THIS PAGE**
>
> **AND COMPLETE A SEPARATE PAGE FOR EACH ACCOUNT.**
>
> **ATTACH BANK STATEMENT TO CORRESPONDING PAGE.**

| | |
|---|---|
| Name of Bank: | Bank of America |
| Address: | PO Box 1091 |
| | Street and/or P. O. Box Number |
| | Charlotte                    NC        28254-3489 |
| | City                         State     Zip Code |
| Type of Account: (i.e., Payroll, Tax, Operating): | Operating |
| Account Number (Last Four Digits): | 5660 |
| **DATE PERIOD BEGINS:** | **5/1/2019** |
| Ending Balance (per the attached bank statement for this period) | $860,888.82 |
| Outstanding Deposits and Other Credits Not On Statement | $0.00 |
| Outstanding Checks and Other Debits Not On Statement | $0.00 |
| Ending Reconciled Balance* | $860,888.82 |
| **DATE PERIOD ENDS:** | **5/31/2019** |
| Highest Daily Balance During Above Period | $860,888.82 |

*The sum of the ending balances of all accounts must reconcile with the Ending Cash Position on the Cash Receipts and Disbursements page.

# SALARY/COMMISSION/INDEPENDENT CONTRACTOR PAYMENTS

Insiders* (List name(s) and describe type of insider):

| | NAME | TYPE | AMOUNT PAID |
|---|---|---|---|
| None | | | $0.00 |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Non-Insider Employees:**
Type (i.e., Salaried, Wage)                                                                 AMOUNT PAID

| | AMOUNT PAID |
|---|---|
| None | $0.00 |
| | $ |
| | $ |
| | $ |

**Commission/Bonus Payments:**

| | AMOUNT PAID |
|---|---|
| None | $0.00 |
| | $ |
| | $ |
| | $ |

**Independent Contractors:**

| NAME | TYPE | AMOUNT PAID |
|---|---|---|
| None | | $0.00 |
| | | $ |
| | | $ |
| | | $ |

**Total Salary/Wage/Commission/ Payments**                                            $0.00

* "Insider" is defined in 11U.S.C. Sec101(31)

## SALES/ACCOUNTS RECEIVABLE

| | | |
|---|---|---|
| I. | Accounts Receivable Pending as of<br>(Date of Reporting Period) | $ 19,737,322.72 |
| II. | Sales (gross) During Reporting Period: | - |
| III. | Collections of Accounts Receivable<br>During Reporting Period: | $ - |
| IV. | New Accounts Receivables Generated<br>During Reporting Period: | $ - |

| Pending Pre & Post Petition | Total | Collectible | Uncollectible |
|---|---|---|---|
| 0-30 DAYS | $ - | | |
| 31-60 DAYS | $ - | | |
| 61-90 DAYS | $ - | | |
| 91-120 DAYS | $ - | | |
| 120 DAYS AND OVER                 1.) | $ 19,737,322.72 | | |
| TOTAL | $ 19,737,322.72 | $ - | $ - |

**INVENTORY (Cost Basis)**

Beginning Date:    5/1/2019                          Ending Date:    5/31/2019

LIST BY CATEGORY OF INVENTORY USED FOR PRODUCTION OR RESALE*:

| CATEGORY | BEGINNING | USED | ADDED | ADJUSTED | ENDING |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |
| | $ | $ | $ | $ | $ |
| | $ | $ | $ | $ | $ |
| | $ | $ | $ | $ | $ |
| | $ | $ | $ | $ | $ |
| TOTALS | $ | $ | $ | $ | $ |

* Exclude capital items such as machinery and equipment and consumable items such as fuel and general supplies.

1.) The listed amount primarily includes intercompany accounts receivable based on what appears on the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, character, validity, or priority of such accounts. Where mutuality exists between intercompany parties (receivable and payable to and from the same legal entities), the intercompany accounts are on a net basis. These intercompany accounts remain subject to review by the Debtors, and the Debtors take no position in this monthly report as to whether such accounts would be allowed as a claim, an interest, or not allowed at all.

## ACCRUED POST-PETITION LIABILITIES

_____X_____    *No accrued liabilities existed at the end of this reporting period.

All accrued liabilities existing at the end of this reporting period
are listed below or on the sheet (s) attached.  Exclude current
_____    liabilities which are NOT past due

| NAME OF CREDITOR | DUE DATE | AMOUNT DUE |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| Total Accrued Liabilities |  | $0.00 |

* The Debtor has excluded from this listing post-petition liabilities that have been or will be paid in the
Debtor's ordinary course of business.

## AFFIRMATIONS

1   __X_____     All tangible assets of this bankruptcy estate are adequately and properly insured and
    Yes    No         all other insurance required by law or prudent business judgment are in force.


2   __X_____     All insurance policies and renewals if applicable, have been submitted to the
    Yes    No         Bankruptcy Administrator.


3   __X_____     All tax returns have been filed timely and payments made.  Copies of returns have
    Yes    No         been filed post-petition have been submitted to the Bankruptcy Administrator.


4   __X_____     All post-petition taxes have been paid or deposited into a designated tax account.[1]
    Yes    No*


5   _____X____     New Debtor-In-Possession (DIP) bank accounts have been opened and have been
    Yes    No         reconciled.[2]


6   __X_____     New DIP financial books and records have been opened and are being maintained
    Yes    No         monthly and are current.

\* If the response is "no", a listing must appear on the Accrued Post-Petition Liabilities sheet. The listing must include the
name of the taxing authority, type of tax, the amount due and the period the tax was incurred.

1.) Question 4, there were no post-petition taxes due during the reporting period.

2.) In April of 2017, the Debtor opened a new US Treasury Bond investment account into which, on a daily basis, any
excess bank account balance exceeding the FDIC insurance limits can be swept to ensure adequate protection of Debtor
funds; as those funds are needed to pay expenses, monies are transferred from the investment account back into the Debtor
bank account.



**Bank of America**
**Merrill Lynch**

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

KAISER GYPSUM COMPANY INC
DEBTOR IN POSSESSION CASE 16-306102
300 E JOHN CARPENTER FWY STE 1645
IRVING, TX  75062-2772

🔊 Customer service: 1.888.400.9009

📠 bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 1091
Charlotte, N.C.  28254-3489

# Your Full Analysis Business Checking

for May 1, 2019 to May 31, 2019                    Account number: ▮▮▮▮▮▮▮▮▮▮

**KAISER GYPSUM COMPANY INC    DEBTOR IN POSSESSION CASE 16-306102**

## Account summary

| | | |
|---|---|---|
| Beginning balance on May 1, 2019 | $250,000.00 | # of deposits/credits: 24 |
| Deposits and other credits | 18,368,526.49 | # of withdrawals/debits: 41 |
| Withdrawals and other debits | -18,367,972.13 | # of days in cycle: 31 |
| Checks | -0.00 | Average ledger balance: $250,000.00 |
| Service fees | -554.36 | |
| **Ending balance on May 31, 2019** | **$250,000.00** | |

KAISER GYPSUM COMPANY INC  |  Account # ▓▓▓▓▓▓▓▓  |  May 1, 2019 to May 31, 2019

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2019 Bank of America Corporation

**Bank of America, N.A. Member FDIC and**  **Equal Housing Lender**

**Bank of America** 🎺
**Merrill Lynch**

# Your checking account

KAISER GYPSUM COMPANY INC  |  Account #▮▮▮▮▮▮▮  |  May 1, 2019 to May 31, 2019

## Deposits and other credits

| Date | Transaction description | Customer reference | Bank reference | Amount |
|------|------------------------|--------------------|----------------|-------:|
| 05/01/19 | SWEEP-PRINCIPAL CREDIT | | 963605010000013 | 146,682.41 |
| 05/01/19 | SWEEP-DIVIDENDS CREDIT | | 963605010000031 | 478.05 |
| 05/02/19 | SWEEP-PRINCIPAL CREDIT | | 963605020000013 | 147,160.46 |
| 05/03/19 | SWEEP-PRINCIPAL CREDIT | | 963605030000013 | 147,160.46 |
| 05/06/19 | SWEEP-PRINCIPAL CREDIT | | 963605060000013 | 147,160.46 |
| 05/07/19 | SWEEP-PRINCIPAL CREDIT | | 963605070000013 | 147,160.46 |
| 05/08/19 | SWEEP-PRINCIPAL CREDIT | | 963605080000013 | 147,160.46 |
| 05/09/19 | WIRE TYPE:WIRE IN DATE: 190509 TIME:0503 ET TRN:2019050900124078 SEQ:2448600127JO/131134 ORIG:ARMSTRONG WORLD INDUSTRIE ID:367131 SND BK:JP MORGAN CHASE BANK, N.A. ID:0002 PMT DET:ATS OF 19/ 05/07 KAISER SETTLEMENT AGREEMENT | | 903705090124078 | 1,000,000.00 |
| 05/09/19 | SWEEP-PRINCIPAL CREDIT | | 963605090000013 | 147,160.46 |
| 05/10/19 | SWEEP-PRINCIPAL CREDIT | | 963605100000013 | 1,147,160.46 |
| 05/13/19 | SWEEP-PRINCIPAL CREDIT | | 963605130000013 | 1,147,160.46 |
| 05/14/19 | SWEEP-PRINCIPAL CREDIT | | 963605140000013 | 1,147,160.46 |
| 05/15/19 | SWEEP-PRINCIPAL CREDIT | | 963605150000013 | 1,147,160.46 |
| 05/16/19 | SWEEP-PRINCIPAL CREDIT | | 963605160000013 | 1,146,606.10 |
| 05/17/19 | SWEEP-PRINCIPAL CREDIT | | 963605170000013 | 1,146,606.10 |
| 05/20/19 | SWEEP-PRINCIPAL CREDIT | | 963605200000013 | 1,146,606.10 |
| 05/21/19 | SWEEP-PRINCIPAL CREDIT | | 963605210000013 | 1,146,606.10 |
| 05/22/19 | SWEEP-PRINCIPAL CREDIT | | 963605220000013 | 1,146,606.10 |
| 05/23/19 | SWEEP-PRINCIPAL CREDIT | | 963605230000013 | 1,146,606.10 |
| 05/24/19 | SWEEP-PRINCIPAL CREDIT | | 963605240000013 | 1,146,606.10 |
| 05/28/19 | SWEEP-PRINCIPAL CREDIT | | 963605280000013 | 1,146,606.10 |

*continued on the next page*

KAISER GYPSUM COMPANY INC   |   Account #███████████   |   May 1, 2019 to May 31, 2019

## Deposits and other credits - continued

| Date | Transaction description | Customer reference | Bank reference | Amount |
|------|------------------------|-------------------|----------------|--------|
| 05/29/19 | SWEEP-PRINCIPAL CREDIT | | 963605290000013 | 1,096,082.54 |
| 05/30/19 | SWEEP-PRINCIPAL CREDIT | | 963605300000013 | 869,941.27 |
| 05/31/19 | SWEEP-PRINCIPAL CREDIT | | 963605310000013 | 610,888.82 |
| **Total deposits and other credits** | | | | **$18,368,526.49** |

## Withdrawals and other debits

| Date | Transaction description | Customer reference | Bank reference | Amount |
|------|------------------------|-------------------|----------------|--------|
| 05/01/19 | Sweep Debit | | | -147,160.46 |
| 05/02/19 | Sweep Debit | | | -147,160.46 |
| 05/03/19 | Sweep Debit | | | -147,160.46 |
| 05/06/19 | Sweep Debit | | | -147,160.46 |
| 05/07/19 | Sweep Debit | | | -147,160.46 |
| 05/08/19 | Sweep Debit | | | -147,160.46 |
| 05/09/19 | Sweep Debit | | | -1,147,160.46 |
| 05/10/19 | Sweep Debit | | | -1,147,160.46 |
| 05/13/19 | Sweep Debit | | | -1,147,160.46 |
| 05/14/19 | Sweep Debit | | | -1,147,160.46 |
| 05/15/19 | Sweep Debit | | | -1,146,606.10 |
| 05/16/19 | Sweep Debit | | | -1,146,606.10 |
| 05/17/19 | Sweep Debit | | | -1,146,606.10 |
| 05/20/19 | Sweep Debit | | | -1,146,606.10 |
| 05/21/19 | Sweep Debit | | | -1,146,606.10 |
| 05/22/19 | Sweep Debit | | | -1,146,606.10 |
| 05/23/19 | Sweep Debit | | | -1,146,606.10 |
| 05/24/19 | Sweep Debit | | | -1,146,606.10 |
| 05/28/19 | WIRE TYPE:WIRE OUT DATE:190528 TIME:1439 ET TRN:2019052800641315 SERVICE REF:747829 BNF:PRICEWATERHOUSECOOPERS LLP ID:30408437 BNF BK: CITIBANK, N.A. ID:0008 PMT DET:195SD27123T32168inv oice no. January2019 and February2019 | | 903705280641315 | -50,523.56 |
| 05/28/19 | Sweep Debit | | | -1,096,082.54 |
| 05/29/19 | WIRE TYPE:WIRE OUT DATE:190529 TIME:1431 ET TRN:2019052900435291 SERVICE REF:011429 BNF:ANDERSON KILL P.C. ID:2000037634722 BNF BK:WEL LS FARGO BANK, N.A. ID:121000248 PMT DET:195T94402 0K21892invoice no. 289948,290070 and 290289 | | 903705290435291 | -134,971.04 |

*continued on the next page*

**Bank of America** 🦅
**Merrill Lynch**

**Your checking account**

KAISER GYPSUM COMPANY INC  |  Account #�largeblack  |  May 1, 2019 to May 31, 2019

## Withdrawals and other debits - continued

| Date | Transaction description | Customer reference | Bank reference | Amount |
|------|------------------------|--------------------|----------------|--------|
| 05/29/19 | WIRE TYPE:WIRE OUT DATE:190529 TIME:1434 ET TRN:2019052900436749 SERVICE REF:011312 BNF:BLANK ROME LLP ID:6238669326 BNF BK:CITIZENS B ANK, NATIONAL ID:036076150 PMT DET:195T94755PL5151 6invoice no. 1801984 | | 903705290436749 | -11,609.39 |
| 05/29/19 | WIRE TYPE:BOOK OUT DATE:190529 TIME:1440 ET TRN:2019052900439542 RELATED REF:195T95232M131Z37 BNF:CAPLIN & DRYSDALE CHARTERE ID:001920814809 PMT DET:invoice no. 318483 and 318759 | | 903705290439542 | -62,849.37 |
| 05/29/19 | WIRE TYPE:WIRE OUT DATE:190529 TIME:1444 ET TRN:2019052900440942 SERVICE REF:011594 BNF:COOK LAW FIRM ID:210298169 BNF BK:CITY NATIONA L BANK ID:122016066 PMT DET:195T95647NO20Q65invoic e no. 605 and 606 | | 903705290440942 | -5,744.04 |
| 05/29/19 | WIRE TYPE:BOOK OUT DATE:190529 TIME:1449 ET TRN:2019052900443153 RELATED REF:195TA0439NK52E86 BNF:LAWRENCE FITZPATRICK ID:004208014971 PMT DET:i nvoice no. February2019 | | 903705290443153 | -783.90 |
| 05/29/19 | WIRE TYPE:WIRE OUT DATE:190529 TIME:1453 ET TRN:2019052900444913 SERVICE REF:011934 BNF:RAYBURN, COOPER AND DURHAM ID:261025362 BNF BK:SUNTRUST BANK ID:061000104 PMT DET:195TA093 4GD21C07invoice no. 43298 | | 903705290444913 | -10,183.53 |
| 05/29/19 | Sweep Debit | | | -869,941.27 |
| 05/30/19 | WIRE TYPE:WIRE OUT DATE:190530 TIME:1600 ET TRN:2019053000441641 SERVICE REF:014592 BNF:CHARTER OAK FINANCIAL CONS ID:2000017986704 BNF BK:WELLS FARGO BANK, N.A. ID:121000248 PMT DET:195UD5411AT30S89invoice no February2019 | | 903705300441641 | -11,964.73 |
| 05/30/19 | WIRE TYPE:WIRE OUT DATE:190530 TIME:1603 ET TRN:2019053000443164 SERVICE REF:014767 BNF:EPIQ SYSTEMS, INC. ID:3300781974 BNF BK:SILICO N VALLEY BANK ID:121140399 PMT DET:195UE0351HJ5195 5invoice no. 90326045 | | 903705300443164 | -537.40 |
| 05/30/19 | WIRE TYPE:BOOK OUT DATE:190530 TIME:1606 ET TRN:2019053000444546 RELATED REF:195UE09401551013 BNF:HIGGINS & OWENS, PLLC ID:237026098843 PMT DET: invoice no. 6221 and 6248 | | 903705300444546 | -1,809.00 |
| 05/30/19 | WIRE TYPE:WIRE OUT DATE:190530 TIME:1609 ET TRN:2019053000446502 SERVICE REF:014842 BNF:HULL AND CHANDLER, P.A. ID:131753248 BNF BK:FI RST CITIZENS BANK AND ID:053100300 PMT DET:195UE12 53EV41931invoice no. 16440 | | 903705300446502 | -946.71 |

*continued on the next page*

KAISER GYPSUM COMPANY INC | Account # ████████ | May 1, 2019 to May 31, 2019

## Withdrawals and other debits - continued

| Date | Transaction description | Customer reference | Bank reference | Amount |
|------|-------------------------|--------------------|----------------|--------|
| 05/30/19 | WIRE TYPE:BOOK OUT DATE:190530 TIME:1612 ET TRN:2019053000448010 RELATED REF:195UE1636QL21018 BNF:JONES DAY ID:001252728230 PMT DET:invoice no. 33248034 | | 903705300448010 | -168,080.15 |
| 05/30/19 | WIRE TYPE:WIRE OUT DATE:190530 TIME:1634 ET TRN:2019053000459851 SERVICE REF:015676 BNF:K AND L GATES LLP ID:1077692783 BNF BK:PNC BAN K, N.A. ID:043000096 PMT DET:195UE2100GS51L36invoi ce no. 3627164 and 3626535 | | 903705300459851 | -22,038.99 |
| 05/30/19 | WIRE TYPE:WIRE OUT DATE:190530 TIME:1642 ET TRN:2019053000463611 SERVICE REF:015923 BNF:MILLER NASH GRAHAM AND DUN ID:153606467352 BNF BK:US BANK, NA ID:123000220 PMT DET:195UE3013K O20Z21invoice no. 2104510,2104511,21045122104513,2 | | 903705300463611 | -36,275.61 |
| 05/30/19 | WIRE TYPE:WIRE OUT DATE:190530 TIME:1645 ET TRN:2019053000464806 SERVICE REF:015990 BNF:MOON WRIGHT AND HOUSTON PL ID:0052118355 BNF BK:FIRST NATIONAL BANK OF ID:043318092 PMT DET:195UE3407O851H24invoice no. 5421 | | 903705300464806 | -2,093.19 |
| 05/30/19 | WIRE TYPE:BOOK OUT DATE:190530 TIME:1648 ET TRN:2019053000466000 RELATED REF:195UE3745NB20067 BNF:SUSSMAN SHANK LLP ID:002801115389 PMT DET:invo ice no. April2018-Feb2019 | | 903705300466000 | -3,477.29 |
| 05/30/19 | WIRE TYPE:WIRE OUT DATE:190530 TIME:1651 ET TRN:2019053000467321 SERVICE REF:015650 BNF:THE GALLAGHER LAW GROUP, P ID:80006079745 BNF BK:FIRST REPUBLIC BANK ID:321081669 PMT DET:19 5UE41293931Z12invoice no. 19-1103-02 | | 903705300467321 | -168.75 |
| 05/30/19 | WIRE TYPE:WIRE OUT DATE:190530 TIME:1653 ET TRN:2019053000468824 SERVICE REF:015807 BNF:YOUNG CONAWAY STARGATT AND ID:211136742 BNF BK:WILMINGTON SAVINGS FUND ID:031100102 PMT DET:195UE45022C21A24invoice no. 50003987 | | 903705300468824 | -11,660.63 |
| 05/30/19 | Sweep Debit | | | -610,888.82 |
| 05/31/19 | Sweep Debit | | | -610,888.82 |

**Total withdrawals and other debits**     **-$18,367,972.13**

## Service fees

| Date | Transaction description | Amount |
|------|-------------------------|--------|
| 05/15/19 | 04/19 ACCT ANALYSIS FEE | -554.36 |

**Total service fees**     **-$554.36**

*Note your Ending Balance already reflects the subtraction of Service Fees.*

**Bank of America** 🦅
**Merrill Lynch**

# Your checking account

KAISER GYPSUM COMPANY INC   |   Account #■■■■■■   |   May 1, 2019 to May 31, 2019

## Daily ledger balances

| Date | Balance ($) |
|---|---|
| 05/01 | 250,000.00 |

This page intentionally left blank

**Bank of America** 

TX1-492-66-12
PO BOX 831000
DALLAS TX 75202

AUTOMATED INVESTMENT ACCOUNT STATEMENT

PAGE:  1
PERIOD:    05/01/19-05/31/19
ACCOUNT NUMBER
MASTER ACCOUNT
TAX ID. NUMBER        XX-XXX0188

KAISER GYPSUM COMPANY INC
DEBTOR IN POSSESSION CASE 16-306102
300 E JOHN CARPENTER FWY STE 1645
IRVING TX  75062-2772

| DATE | INVESTMENT/ REDEMPTION | INVESTMENT BALANCE | FUND RATE | ACCOUNT FEE | NET DIV RATE | DIVIDEND ACCRUED | TICKER SYMBOL |
|------|------------------------|---------------------|-----------|-------------|--------------|-------------------|---------------|
| 5/01/19 | 478.05 | 147,160.46 | 2.2789% | .6800% | 1.5989% | 6.45 | TTTXX |
| 5/02/19 | | 147,160.46 | 2.2785% | .6800% | 1.5985% | 6.44 | TTTXX |
| 5/03/19 | | 147,160.46 | 2.2819% | .6800% | 1.6019% | 6.46 | TTTXX |
| 5/04/19 | | 147,160.46 | 2.2819% | .6800% | 1.6019% | 6.46 | TTTXX |
| 5/05/19 | | 147,160.46 | 2.2819% | .6800% | 1.6019% | 6.46 | TTTXX |
| 5/06/19 | | 147,160.46 | 2.2783% | .6800% | 1.5983% | 6.44 | TTTXX |
| 5/07/19 | | 147,160.46 | 2.2773% | .6800% | 1.5973% | 6.44 | TTTXX |
| 5/08/19 | | 147,160.46 | 2.2747% | .6800% | 1.5947% | 6.43 | TTTXX |
| 5/09/19 | 1,000,000.00 | 1,147,160.46 | 2.2745% | .6800% | 1.5945% | 50.11 | TTTXX |
| 5/10/19 | | 1,147,160.46 | 2.2775% | .6800% | 1.5975% | 50.21 | TTTXX |
| 5/11/19 | | 1,147,160.46 | 2.2775% | .6800% | 1.5975% | 50.21 | TTTXX |
| 5/12/19 | | 1,147,160.46 | 2.2775% | .6800% | 1.5975% | 50.21 | TTTXX |
| 5/13/19 | | 1,147,160.46 | 2.2772% | .6800% | 1.5972% | 50.20 | TTTXX |
| 5/14/19 | | 1,147,160.46 | 2.2736% | .6800% | 1.5936% | 50.09 | TTTXX |
| 5/15/19 | 554.36- | 1,146,606.10 | 2.2735% | .6800% | 1.5935% | 50.06 | TTTXX |
| 5/16/19 | | 1,146,606.10 | 2.2748% | .6800% | 1.5948% | 50.10 | TTTXX |
| 5/17/19 | | 1,146,606.10 | 2.2747% | .6800% | 1.5947% | 50.10 | TTTXX |
| 5/18/19 | | 1,146,606.10 | 2.2747% | .6800% | 1.5947% | 50.10 | TTTXX |
| 5/19/19 | | 1,146,606.10 | 2.2747% | .6800% | 1.5947% | 50.10 | TTTXX |
| 5/20/19 | | 1,146,606.10 | 2.2751% | .6800% | 1.5951% | 50.11 | TTTXX |
| 5/21/19 | | 1,146,606.10 | 2.2600% | .6800% | 1.5800% | 49.63 | TTTXX |
| 5/22/19 | | 1,146,606.10 | 2.2598% | .6800% | 1.5798% | 49.63 | TTTXX |
| 5/23/19 | | 1,146,606.10 | 2.2601% | .6800% | 1.5801% | 49.64 | TTTXX |
| 5/24/19 | | 1,146,606.10 | 2.2589% | .6800% | 1.5789% | 49.60 | TTTXX |
| 5/25/19 | | 1,146,606.10 | 2.2589% | .6800% | 1.5789% | 49.60 | TTTXX |
| 5/26/19 | | 1,146,606.10 | 2.2589% | .6800% | 1.5789% | 49.60 | TTTXX |
| 5/27/19 | | 1,146,606.10 | 2.2589% | .6800% | 1.5789% | 49.60 | TTTXX |
| 5/28/19 | 50,523.56- | 1,096,082.54 | 2.2536% | .6800% | 1.5736% | 47.25 | TTTXX |
| 5/29/19 | 226,141.27- | 869,941.27 | 2.2490% | .6800% | 1.5690% | 37.40 | TTTXX |
| 5/30/19 | 259,052.45- | 610,888.82 | 2.2449% | .6800% | 1.5649% | 26.19 | TTTXX |
| 5/31/19 | | 610,888.82 | 2.2457% | .6800% | 1.5657% | 26.20 | TTTXX |
| MTD TOTAL DIVIDENDS ACCRUED | 1,137.52 | | AVG. DAILY DIVIDEND RATE | | | 1.5892 | |
| MTD TOTAL DIVIDENDS PAID | 478.05 | | AVG. DAILY INVESTMENT BAL. | | | 843,675.07 | |
| YTD TOTAL DIVIDENDS PAID | 4,023.50 | | TARGET BALANCE | | | 250,000.00 | |

ACCRUED DIVIDENDS OF     1,137.52  WILL BE CREDITED TO DDA ACCOUNT             ON 06/03/19.

TICKER SYMBOL TTTXX IS BLACKROCK LIQUIDITY FUNDS - TREASURY TRUST - INSTITUTIONAL SHARE CLASS

You could lose money by investing in a money market fund. Although certain money market funds seek to preserve the value of your
investment at $1.00 per share, they cannot guarantee they will do so. Because the share price of certain money market funds will
fluctuate when you sell your shares in those funds, they may be worth less than what you originally paid for them. A money
market fund may impose a fee upon the sale of your shares or may temporarily suspend your ability to sell shares if a fund's
liquidity falls below required minimums because of market conditions or other factors. An investment in a money market fund is
not insured or guaranteed by the Federal Deposit Insurance Corporation or any other government agency. A money market fund's
sponsor has no legal obligation to provide financial support to the fund and you should not expect that the sponsor will provide
financial support to the fund at any time.
BlackRock Investments, LLC, member FINRA.
©2019 BlackRock, Inc. All rights reserved. BLACKROCK, is a registered trademark of BlackRock, Inc., or its subsidiaries in the
United States and elsewhere. All other marks are the property of their respective owners.