# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>KAISER GYPSUM COMPANY, INC., et al.[1]<br><br>Debtors. | Case No. 16-31602<br><br>Chapter 11<br>(Jointly Administered) |

## KAZAN, MCCLAIN, SATTERLEY & GREENWOOD'S *EX PARTE* MOTION REQUESTING AUTHORITY TO EXCEED MAXIMUM PAGE LIMITS

Kazan, McClain, Satterley & Greenwood, a professional corporation ("Kazan" or the "Kazan Firm"),[2] by and through undersigned counsel, hereby submits this motion (the "Motion") for entry of an order (the "Order") substantially in the form attached hereto as **Exhibit A** requesting authority to exceed the page limit established for briefs filed in contested matters pursuant to Rule 9013-2(a) of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules") in connection with the filing of the *Objection to Truck Insurance Exchange's Motion (I) to Enforce the Automatic Stay and (II) for Sanctions for Violation of the Automatic Stay* (the "Objection"). In support thereof, Kazan respectfully states as follows:

## BACKGROUND

1. On September 30, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313) (together, the "Debtors"). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

[2] Kazan and its attorneys appear on behalf of Kazan's clients, Richard and Calvena Dea Sisk, solely for the purpose of bringing to the Court's attention the lack of proper notice to and service upon the Sisks. Kazan has not agreed to accept service on behalf of the Sisks.

{00529256.DOCX V. E162.028204;}                 1

2. On February 19, 2021, Truck Insurance Exchange ("Truck") filed its *Motion (I) to Enforce the Automatic Stay and (II) for Sanctions for Violation of the Automatic Stay* [Docket No. 2640] ("Truck Motion"). A hearing is scheduled for March 12, 2021.

3. Kazan will file the Objection on or before March 5, 2021.

**RELIEF REQUESTED**

4. By this Motion, Kazan seeks authority to exceed the 25-page limit established pursuant to Local Rule 9013-2(a) for briefs filed in contested matters. Attached hereto as **Exhibit A** is the proposed Order granting the relief requested in this Motion. Although Local Rule 9013-2(a) does not technically apply to an objection in response to a motion, Kazan makes this request out of an abundance of caution as the Objection contains information, arguments and references that could typically be included in a brief.

5. In the Objection, Kazan requests that the Truck Motion be denied on multiple bases, including procedural defects, Truck's lack of standing to pursue sanctions or enforcement, the inapplicability of the stay to the *Sisk* and *Runne* cases, that Truck has not established it has been harmed, that California law precludes determination of coverage ("uninsured amounts") prior to resolution of the lawsuit, and that Truck's summary conclusions regarding the state of California law and its application to this matter are completely unsupported. Kazan believes that the Objection will not exceed 50 pages in length, not including signature blocks.

6. Given the seriousness of any sanctions proceeding and the significance of the issues addressed in the Truck Motion and Objection, Kazan submits that entering the Order is in the interests of justice. Excusing Kazan from complying with the 25-page limit will help ensure that the Court is adequately informed regarding the procedural and substantive issues raised by Kazan.

Entering the Order will not prejudice any party. Accordingly, good cause exists to permit Kazan to exceed the 25-page limit with respect to the Objection.

## CONCLUSION

7. By this Motion, Kazan respectfully requests entry of the Order attached hereto as **Exhibit A**, permitting Kazan to exceed the page limits imposed by Local Rule 9013-2(a) with respect to the Objection to a maximum of 50 pages, not including signature blocks.

Dated: March 4, 2021.
Charlotte, North Carolina

        HAMILTON STEPHENS
        STEELE + MARTIN, PLLC

        */s/ Linda W. Simpson*
        Linda W. Simpson (Bar No. 12596)
        525 North Tryon Street, Suite 1400
        Charlotte, NC  28202
        Telephone: (704) 641-4359
        Facsimile:  (704) 344-1483
        lsimpson@lawhssm.com

        *Counsel to Kazan, McClain, Satterley & Greenwood*

# **Exhibit A**

Proposed Order

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re: | Case No. 16-31602 |
| KAISER GYPSUM COMPANY, INC., et al.[1] | Chapter 11 (Jointly Administered) |
| Debtors. | |

## ORDER AUTHORIZING KAZAN, MCCLAIN, SATTERLEY & GREENWOOD TO EXCEED MAXIMUM PAGE LIMITS

This matter came before the Court on the Ex Parte *Motion Requesting Authority to Exceed Maximum Page Limit* (the "Motion")[2] filed by Kazan, McClain, Satterley & Greenwood ("Kazan"). According to the Motion, Kazan will file an *Objection to Truck Insurance Exchange's Motion (I) to Enforce the Automatic Stay and (II) for Sanctions for Violation of the Automatic Stay* (the "Objection") that will exceed the 25-page limit established by Rule 9013-2(a) of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules").

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc. (7313) (together, the "Debtors"). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

[2] Capitalized terms used but not defined herein shall have the respective meanings given to such terms in the Motion.

{00529256.DOCX V. E162.028204;}  5

Based on the Motion, the Court finds and concludes that good cause exists to grant Kazan relief from the 25-page limit imposed by Local Rule 9013-2(a), to the extent that it applies to the Objection.  Accordingly, the Motion is GRANTED and the page limit established by Local Rule 9013-2(a) is hereby lifted with respect to the Objection such that the Objection shall not exceed 50 pages, excluding signature blocks.

This Order has been signed electronically.
Court The Judge's signature and Court's seal
appear at the top of the Order.

United States Bankruptcy